IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYNES J. DURAL II, | Civ. No. 21-00461 HG-WRP |
| Plaintiff, | |
| vs. | |
| CITY AND COUNTY OF HONOLULU; SHERYL SUNIA; MYRON H. TAKEMOTO; VIBIANA KEALOHA-WONG; SHYLA COMBIS; CHAD KALAWAIA; NATHAN SLUTTER; DOES 1-20, | |
| Defendants. | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS (ECF No. 44) WITH PARTIAL LEAVE TO AMEND**

On August 4, 2003, a jury in the Circuit Court of the First Circuit, State of Hawaii, found Plaintiff Roynes J. Dural II guilty of one count of Sexual Assault in the First Degree and four counts of Sexual Assault in the Third Degree pursuant to Hawaii state law.  Plaintiff Dural was sentenced to an open 20-year sentence.

On February 27, 2018, the Hawaii Intermediate Court of Appeals issued a memorandum opinion that vacated Plaintiff's convictions.

On May 9, 2018, the Hawaii Intermediate Court of Appeals remanded the case to the Circuit Court of the First Circuit,

1

State of Hawaii, for a new trial.

On November 27, 2019, the City and County of Honolulu filed a Motion to Nolle Prosequi Without Prejudice before the Circuit Court, seeking more time to proceed with the charges against Plaintiff Dural on remand.

On January 3, 2020, the Hawaii State Circuit Court, on remand, denied the Motion to Nolle Prosequi Without Prejudice and dismissed the case with prejudice against Dural over the City and County of Honolulu's objection.

On November 24, 2021, after the state charges were dismissed, Plaintiff filed a Complaint in the United States District Court for the District of Hawaii.

On June 3, 2022, Plaintiff filed the First Amended Complaint against the City and County of Honolulu, Detective Sheryl Sunia, and various other individual Defendants.

Plaintiff alleges various federal and state law claims, asserting the Hawaii state court prosecution and convictions were improperly pursued and that the underlying witnesses lied in order to convict Plaintiff Dural.

Defendant City and County of Honolulu's Motion to Dismiss was filed on June 16, 2022.  Defendant City and County of Honolulu asserts that the claims against it are time-barred and that Plaintiff otherwise failed to state a claim against it pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant City and County of Honolulu's Motion to Dismiss (ECF No. 44) is **GRANTED, IN PART, and DENIED, IN PART, WITH PARTIAL LEAVE TO AMEND.**

## PROCEDURAL HISTORY

On November 24, 2021, Plaintiff Roynes J. Dural II filed his Complaint.  (ECF No. 1).

On June 3, 2022, Plaintiff filed his First Amended Complaint.  (ECF No. 37).

On June 16, 2022, Defendant City and County of Honolulu filed a Motion to Dismiss the First Amended Complaint.  (ECF No. 44).

On June 22, 2022, the Court issued a briefing schedule. (ECF No. 47).

On July 15, 2022, Plaintiff filed an Opposition.  (ECF No. 48).

On July 29, 2022, Defendant City and County of Honolulu filed its Reply.  (ECF No. 49).

The same day, Defendant City and County of Honolulu filed an Amended Reply.  (ECF No. 50).

On August 3, 2022, the Court issued a Minute Order stating that it elected to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).  (ECF No. 51).

3

**<u>BACKGROUND</u>**

**According to the First Amended Complaint:**

**I.   Plaintiff Was Convicted In Hawaii State Court On Multiple Counts Of Sexual Assault of a Minor**

On July 14, 2001, Defendant Vibiana Kealoha-Wong and her then-minor daughter, Defendant Shyla Combis, reported to the Honolulu Police Department that Plaintiff Roynes J. Dural II had sexually assaulted the minor child, Defendant Combis, on multiple occasions.  (First Am. Compl. at ¶¶ 28, 29, ECF No. 37).  The mother and daughter, Defendants Kealoha-Wong and Combis, made additional reports to police on July 24, 2001 and August 3, 2001, including a report to Detective Sheryl Sunia.  (<u>Id.</u> at ¶¶ 30, 33).

Plaintiff alleges that he did not sexually assault Defendant Combis.  Plaintiff claims that the true perpetrators were Defendant Nathan Slutter (Defendant Kealoha-Wong's husband) and Defendant Chad Kalawaia.  (<u>Id.</u> at ¶¶ 18-20).  Plaintiff claims that investigators knew or should have known that Defendants Slutter and Kalawaia were the true perpetrators of the assaults. (<u>Id.</u> ¶¶ 68-73).

On December 20, 2002, Plaintiff was indicted in the Circuit Court of the First Circuit, State of Hawaii, charging Dural with one count of Sexual Assault in the First Degree and four counts of Sexual Assault in the Third Degree pursuant to Hawaii State

4

law.  (Id. at ¶ 62).

On January 29, 2003,[1] Plaintiff was arrested pursuant to the Indictment.  (Id. at ¶ 63).

On August 4, 2003, following a three-day trial, Plaintiff was convicted of the charges in the Indictment.  (Id. at ¶ 74). Plaintiff was sentenced to 20 years imprisonment.

In or around December 2011, Plaintiff was paroled after serving eight years in prison.  (Id. ¶ 100).

## II.  Plaintiff's Convictions Were Overturned

On February 27, 2018, the Hawaii Intermediate Court of Appeals issued a memorandum opinion that vacated Plaintiff's convictions.[2]  (Id. ¶ 102).

On May 9, 2018, the Hawaii Intermediate Court of Appeals

---

[1] At paragraph 63, the First Amended Complaint states that Plaintiff was arrested "[o]n or about January 29, 2003."  At paragraph 119, the First Amended Complaint refers to Plaintiff's arrest as having occurred on February 3, 2003.  A review of the Hawaii Circuit Court Docket in State of Hawaii v. Roynes Dural, 1-PC-02-1-002791, Dkt. Entries 4 and 112, demonstrates that Plaintiff was arrested on January 29, 2003 and he was arraigned on February 3, 2003.

[2] In Dural v. State, 413 P.3d 405 (Haw. Ct. App. 2018), the opinion of the Hawaii Intermediate Court of Appeals ("ICA") was issued on February 27, 2018.  Judgment was entered by the Intermediate Court of Appeals and the case was remanded to the Circuit Court on May 9, 2018.  (ICA Judgment on Appeal in Dural v. State, CAAP-13-0003694, Dkt. Entry 172).  The Intermediate Court of Appeals's February 27, 2018 Order appears on the Hawaii Circuit Court Docket as Entry 133 on May 9, 2018.  (State of Hawaii v. Dural, 1-PC-02-1-002791, Dkt. Entry 133).

issued judgment on appeal and remanded the case to the Circuit Court of the First Circuit, State of Hawaii, for a new trial.

According to the First Amended Complaint, the City and County of Honolulu continued to pursue charges against Plaintiff through 2018 and 2019.  (Id. ¶ 169).

On remand before the Hawaii Circuit Court, on November 27, 2019, the City and County of Honolulu filed a "Motion to Nolle Prosequi Without Prejudice," seeking to drop the charges against Plaintiff without prejudice.  (Id. at ¶¶ 108, 172).  Plaintiff alleges the City filed the motion in order to provide Defendant Combis more time to decide whether she would be willing to testify against Plaintiff Dural after the long period of time since the first trial.  (Id.)

On or around January 3, 2020, the trial court denied the City's motion and dismissed the charges with prejudice.  (Id. at ¶ 110).

On November 24, 2021, Plaintiff filed his Complaint in the federal District Court for the District of Hawaii.  (ECF No. 1).

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must

presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted).

## ANALYSIS

### I.   Scope of the Order and Applicable Law

#### A.   This Order Is Limited To Defendant City and County of Honolulu's Motion to Dismiss (ECF No. 44)

As a preliminary matter, this Order is limited to the Motion to Dismiss filed by the Defendant City and County of Honolulu on June 16, 2022, as to the claims against it.  (ECF No. 44).

The First Amended Complaint asserts 15 Counts total.  The claims are brought against several Individual Defendants (Sheryl Sunia, Vibiana Kealoha-Wong, Shyla Combis, Chad Kalawaia, and Nathan Slutter) as well as against the Defendant City and County of Honolulu.  (ECF No. 37).

**Counts I-IV** are brought against certain of the Individual Defendants, in their individual capacities only, pursuant to 42 U.S.C. § 1983.

**Counts V-XV** are claims brought against both the Defendant City and County of Honolulu and certain Individual Defendants pursuant to Hawaii state law.

The Order addresses only **Counts V-XV** as brought against Defendant City and County of Honolulu.  The claims against the individually named Defendants Sheryl Sunia, Vibiana Kealoha-Wong, Shyla Combis, Chad Kalawaia, and Nathan Slutter are not subject to the Motion to Dismiss and are not addressed in this Order.

**B.   Applicable Law**

Plaintiffs' First Amended Complaint invokes federal question jurisdiction and supplemental jurisdiction.  (First Amended Complaint at ¶ 2, ECF No. 37).

The Court applies Hawaii state substantive law to the state law claims.  <u>Mason and Dixon Intermodal, Inc. v. Lapmaster Intern. LLC</u>, 632 F.3d 1056, 1060 (9th Cir. 2011).

The federal pleading standard set forth in <u>Twombly</u> and <u>Iqbal</u> applies to Plaintiffs' First Amended Complaint, and the Court applies federal procedural law in evaluating the Defendant City and County's Motion to Dismiss.  <u>Ye Jiang v. Zhong Fang</u>, Civ. NO. 20-00100 JAO-KJM, 2020 WL 6889169, *3 (D. Haw. Nov. 23, 2020).

**II.  Plaintiff's False Arrest and Wrongful Imprisonment Causes of Action Are Treated As The Same Claim Under Hawaii State Law**

  **COUNT V:**  **<u>False Arrest</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

  **COUNT VIII:**  **<u>Wrongful Imprisonment</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

Count V in the First Amended Complaint is listed as "false arrest" pursuant to Hawaii state law and Count VIII in the First Amended Complaint is listed as "wrongful imprisonment" pursuant to Hawaii state law.  These claims are identical and are not separate causes of action.

The Hawaii Supreme Court has explained that a person who is falsely arrested is at the same time falsely imprisoned, and false arrest and false imprisonment as tort claims are distinguishable only in terminology.  Reed v. City and Cnty. of Honolulu, 873 P.2d 98, 109 (Haw. 1994).  The causes of action in Count V and VIII are identical pursuant to Hawaii law.  Hawaii courts historically refer to these claims primarily as "false arrest" claims.  See Kalilikane v. McCravey, 737 P.2d 862, 863 (Haw. 1987); Meyer v. Cty. & Cnty. of Honolulu, 729 P.2d 388, 508-09 (Haw. App. 1986).

To avoid duplicate causes of action, Count VIII for wrongful imprisonment in the First Amended Complaint is **DISMISSED WITH PREJUDICE** because it is identical to Count V for false arrest pursuant to Hawaii state law.

### III.  Plaintiff's False Arrest Claim Under Hawaii State Law Against Defendant City And County Of Honolulu Is Time-Barred

#### A.   The False Arrest Claim Fails To Timely Comply With The Notice Requirement Set Forth In Haw. Rev. Stat. § 46-72

Section 46-72 of the Hawaii Revised Statutes requires written notice to be provided to the City and County of Honolulu before an individual may recover damages for certain tort claims. The written notice must be provided within two years after the injuries accrued.

Hawaii Revised Statutes § 46-72 provides:

10

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

The notice requirements function as a "statute of limitations" to limit the time for which a person or an estate may bring certain claims for injuries against a County in Hawaii. Silva v. City and County of Honolulu, 165 P.3d 247, 254 (Haw. 2007). The purpose of the notice requirements is to timely inform municipal authorities of the details of a claim in order to aid an investigation and to guard the municipality against fraudulent and unfounded claims. Oakley v. State, 505 P.2d 1182, 1185-86 (Haw. 1973).

The plain language of Section 46-72 requires that the notice be filed with the individual identified in the respective county's charter, or if none is specified, the chairperson of the council or with the clerk of the county.[3]

---

[3] Section 13-111 of the Revised Charter of the City and County of Honolulu requires notice to be filed with the Corporation Counsel. See Silva, 165 P.3d at 250.

11

Here, there are no allegations in the First Amended Complaint that Plaintiff complied with the requirements of Section 46-72.  In his Opposition, Plaintiff agrees that Section 46-72 applies, but he asserts that he provided notice to the Defendant City and County of Honolulu pursuant to Section 46-72 in the form of a letter to Corporation Counsel on November 24, 2021.  (Letter dated November 24, 2021, attached as Ex. 1 to Pl.'s Opp., ECF No. 48-2).

Even if the Court considered the Plaintiff's attached letter on a Motion to Dismiss, Plaintiff's notice is untimely.

Hawaii state courts have not ruled as to when a state law claim of false arrest begins to accrue.  The United States Supreme Court has ruled on the issue in the context of a federal law false arrest claim.  In Wallace v. Kato, 549 U.S. 384, 389 (2007), the United States Supreme Court explained that the statute of limitations period begins to run on a false arrest claim when the alleged false imprisonment ends.  A false imprisonment ends once the detained person becomes held pursuant to due process.  Id.  Once the plaintiff is held over by a magistrate judge or arraigned on charges, the plaintiff is no longer being held without process and therefore his false arrest claim begins to run.  Id.

The United States Supreme Court opined that any further detention of the plaintiff would form part of a malicious

prosecution claim, not a false arrest claim, because the legal theory challenging the continued detention is not based upon the absence of legal process, but it is based upon the allegedly wrongful institution of the criminal charges.  Id. at 389-90.[4]

Federal courts of appeals applying Wallace have ruled that a claim for false imprisonment begins to accrue once the plaintiff becomes detained pursuant to legal process.  Mills v. City of Covina, 921 F.3d 1161, 1166 (9th Cir. 2019); Martin v. Julian, 18 F.4th 580, 583 (8th Cir. 2021) (citing Wallace, 549 U.S. at 389)).

Here, Plaintiff's arraignment occurred on February 3, 2003.  (State of Hawaii v. Roynes Dural, 1-PC-02-1-002791, Dkt. Entry 112).  Pursuant to the holding in Wallace, Plaintiff's false arrest claim began to accrue on February 3, 2003.  Plaintiff's November 24, 2021 letter, more than 18 years later is untimely.

A review of the caselaw regarding false arrest claims from other states within the Ninth Circuit supports a finding that Plaintiff's false arrest claim is untimely.  Under California law, a cause of action for false arrest accrues on the date of the arrest and is actionable immediately.  Mohlmann v. City of

---

[4] The holdings in McDonough v. Smith, 139 S.Ct. 2149, 2161 (2019) and Manuel v. City of Joliet, Ill., 580 U.S. 357, 359 (2017) do not provide a different statute of limitations accrual date in this case because those holdings are limited to claims where police officers and prosecutors actively participated in fabricating evidence.  See Cordova v. Imperial Cnty. Narcotics Task Force, 2022 WL 84409, *8 (S.D. Cal. Jan. 7, 2022).

Burbank, 179 Cal.App.3d 1037, 1041 n.1 (Cal. App. 1986).

Similarly, under Washington state law, claims of false arrest begin to accrue at the time of arrest. Rodriguez Hildago v. Ricardo Perez, 128 Fed. Appx. 577, 581 (9th Cir. 2005) (citing Gausvik v. Abbey, 107 P.3d 98, 106-07 (Wash. Ct. App. 2005)); see also Leonetti v. Bray, 2018 WL 11226238, *7 (D. Ore. Feb. 16, 2018) (explaining false arrest under Oregon law).

Montana law follows the holding of Wallace and states that accrual of a false arrest claim begins "when he is bound over by a magistrate or arraigned on charges." Marble v. Missoula Cnty., 2020 WL 6043858, *11 (D. Mont. Oct. 13, 2020) (applying Montana law to find plaintiff's false arrest claim untimely).

The allegations in the First Amended Complaint assert that Plaintiff was arrested on January 29, 2003.  Plaintiff was arraigned on February 3, 2003.  Plaintiff did not file his notice with Corporation Counsel until November 24, 2021.  The notice provided to Corporation Counsel nearly 19 years after Plaintiff's arrest and arraignment fails to comply with the requirements of Haw. Rev. Stat. § 46-72 that notice be provided within two years of the accrual of the claim.

The purpose of the notice statute is to protect public funds from fraudulent claims, and it "justifies the imposition on victims of governmental torts a more onerous requirement of prompt notice of claims than on victims of private torts." Fatai

14

v. City & Cnty. of Honolulu, Civ. No. 19-00603 DKW-WRP, 2021 WL
1063790, *17 (D. Haw. Mar. 18, 2021) (citation and internal
quotation marks omitted).  Ignoring the notice requirement would
undermine the purpose of Haw. Rev. Stat. § 46-72 in protecting
the public and would "equally undermine a second purpose behind
the statute—affording the governmental agency an opportunity to
resolve a claim before incurring the time and expense of
litigation."  Id.

Plaintiff's false arrest claim pursuant to Hawaii law is
time-barred for failure to timely provide notice to the City and
County of Honolulu of his claim as required in Haw. Rev. Stat. §
46-72.

### B. The False Arrest Claim Against Defendant City and County of Honolulu Is Dismissed For Failure To Comply With Haw. Rev. Stat. § 657-7

Plaintiff's failure to timely comply with the notice
requirement set forth in Section 46-72 of the Hawaii Revised
Statutes is dispositive of his Hawaii state law false arrest
claim.  Even if Plaintiff had timely complied with Haw. Rev.
Stat. § 46-72, Plaintiff's state law false arrest claim fails on
other grounds.  The claim is untimely pursuant to the two-year
statute of limitations period set forth in Haw. Rev. Stat. §

657-7.[5]  See Carroll v. Cnty. of Maui, Civ. No. 13-00066 DKW-KSC, 2015 WL 1470732, at *6 (D. Haw. Mar. 31, 2015).

Pursuant to the "discovery rule," a cause of action "accrues under section 657-7 and the statute of limitations commences, when a plaintiff has actual or imputed knowledge of: (1) his injury; (2) the defendant's negligence or breach of legal duty and (3) the causal connection between the two."  In re Hawaii Federal Asbestos Cases, 854 F.Supp. 702, 706 (D. Haw. 1994).

Just as with the Haw. Rev. Stat. § 46-72 limitations period, Haw. Rev. Stat. § 657-7 bars Plaintiff's false arrest claim.

According to the First Amended Complaint, Plaintiff was arrested in 2003 and made his initial appearance in February 2003.  Following his convictions and sentence, Plaintiff was released from imprisonment in 2011.

Plaintiff's convictions were overturned by the Hawaii Intermediate Court of Appeals on February 27, 2018.  See Dural v. State, 413 P.3d 405 (Haw. Ct. App. 2018).  The Hawaii Intermediate Court of Appeals issued its Judgment on Appeal on May 9, 2018, and remanded proceedings to the Circuit Court.  (ICA Judgment on Appeal in Dural v. State, CAAP-13-0003694, Dkt. Entry 172).

_____

[5] Haw. Rev. Stat. § 657-7 provides that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

Construing the facts in the light most favorable to Plaintiff, Plaintiff would have actual or imputed knowledge of his purported false arrest at the absolute latest on May 9, 2018, the date that the Hawaii Intermediate Court of Appeals issued its Judgment on Appeal and vacated Plaintiff's convictions.

Plaintiff did not file his original Complaint in this case until more than three years later on November 24, 2021.

Plaintiff's November 2021 complaint was filed well past the applicable two-year statute of limitations at the time his convictions were invalidated in May 2018. Cooper v. Ore., Wash. Cnty., 2021 WL 6278475, *8 (D. Ore. Oct. 25, 2021) (finding plaintiff's false arrest claim was time-barred); Marble, 2020 WL 6043858, at *11 (applying Montana law to find plaintiff's false arrest claim untimely because it accrued at the time he was arraigned pursuant to Wallace).

Plaintiff's false arrest claim pursuant to Hawaii law is time-barred because it was filed more than two years after the claim accrued pursuant to Haw. Rev. Stat. § 657-7.

### C.   Plaintiff Failed To Allege Sufficient Facts To Plausibly State A False Arrest Claim

In addition to Plaintiff's failure to comply with the notice requirement of Section 46-72 and his failure to file his complaint within the applicable two-year statute of limitations set forth in Haw. Rev. Stat. § 657-7, Plaintiff has failed to

plausibly state a claim for false arrest under Hawaii law pursuant to Fed. R. Civ. P. 12(b)(6).

To assert a false arrest claim pursuant to Hawaii law, a plaintiff must allege sufficient facts to demonstrate:

(1)   the detention or restraint of one against his will; and,

(2)   the unlawfulness of such detention or restraint.

Reed, 873 P.2d at 109.

### 1.   Plaintiff Failed To State Sufficient Facts To Demonstrate The Alleged Unlawfulness Of Plaintiff's Arrest in 2003

The determination that the arresting officer had probable cause is a defense to a claim of false arrest.  Id.  Probable cause to arrest exits when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been committed by the person being arrested.  Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam); Haw. Rev. Stat. § 803-5; see State v. Kimball, 503 P.2d 176, 179 (Haw. 1972).

Here, the First Amended Complaint does not assert facts to establish the unlawfulness of Plaintiff's arrest.  The First Amended Complaint does not even identify the officer who allegedly arrested Plaintiff.  There are no allegations about the circumstances surrounding the arrest.  Probable cause is determined from the facts and circumstances within the knowledge

18

of the officer at the time of the arrest.  State v. Cambra, 123 P.3d 679, 681 (Haw. 2005).

A plaintiff cannot plausibly state a false arrest claim against the Defendant City and County of Honolulu without identifying the arresting officers.  Plaintiff has not alleged any facts describing the arrest.  The First Amended Complaint does not provide a theory of liability for the Defendant City and County of Honolulu as an entity to be responsible for false arrest.

### 2.   The Grand Jury's Finding Of Probable Cause Is Fatal To Plaintiff's False Arrest Claim

A review of the Docket of the proceedings in Hawaii Circuit Court demonstrates that Plaintiff was arrested pursuant to a Bench Warrant issued by the grand jury.  (State of Hawaii v. Roynes Dural, 1-PC-02-1-002791, Dkt. Entry 3).

Under Hawaii law, a grand jury functions to determine whether probable cause exists and returns an indictment and a bench warrant where there is sufficient and legal evidence. McCarthy v. Mayo, 827 F.2d 1310, 1317 (9th Cir. 1987) (citing State v. Jenkins, 620 P.2d 263, 267 (Haw. App. 1980)).

The First Amended Complaint does not provide a basis to find that Plaintiff's arrest was unlawful where he was arrested pursuant to a finding of probable cause by the grand jury.  The Hawaii Intermediate Court of Appeals has explained that "[t]here

19

is a presumption that an indictment has been found by a grand jury upon sufficient evidence, and that the grand jury acted upon legal evidence." Jenkins, 620 P.2d at 267.

Plaintiff argues that his arrest was unlawful on the basis that his convictions were overturned in 2018.  The 2003 convictions were overturned by the Hawaii Intermediate Court of Appeals because there was newly available evidence that the appeals court determined required a new trial.  Plaintiff's reliance on the newly discovered evidence and events that took place after the arrest and trial do not provide a basis to invalidate the lawfulness of the arrest in 2003.

The Hawaii Supreme Court has explained that events that occur subsequent to an arrest can neither support nor invalidate the existence of probable cause at the time of the seizure. State v. Kido, 128 P.3d 340, 344 (Haw. 2006); see House v. Ane, 538 P.2d 320, 326 (Haw. 1975) (explaining that the fact that it later turns out that the arresting officers were mistaken about facts that supported probable cause at the time would not convert the arrest based upon probable cause into an unlawful one).

Just as here, the allegations that the reports by the minor child against Plaintiff have been called into question in 2018 do not invalidate the basis for the arrest in 2003.  The Hawaii State Court filings, which are subject to judicial notice, reveal that Plaintiff's convictions were not overturned due to lack of

probable cause or due to issues relating to the issuance of the indictment or the bench warrant.  Rather, the case was remanded to Circuit Court for a new trial to allow for admission of the newly discovered evidence.

Plaintiff's conclusory allegation that there was no probable cause at the time of the arrest ignores that the arrest was based on a bench warrant.  The grand jury considered the credibility of the witnesses presented to it and returned an Indictment.  There are no allegations to support a finding that the Bench Warrant was defective or invalid.  Mere disagreement about the credibility of witnesses before the grand jury does not provide a basis to invalidate the issuance of an indictment and arrest warrant.  Even assuming the facts as true and construing them in a light most favorable to Plaintiff, the First Amended Complaint fails to plausibly state a claim for false arrest pursuant to Hawaii state law.

Plaintiff's False Arrest claim pursuant to Hawaii state law against Defendant City and County of Honolulu is **DISMISSED WITH PREJUDICE**.

Plaintiff's Hawaii state law False Arrest claim is dismissed both for failure to comply with the notice requirement set forth in Haw. Rev. Stat. § 46-72 and the statute of limitations set forth in Haw. Rev. Stat. § 657-7.  The False Arrest claim is also dismissed for failure to state a claim pursuant to Fed. R. Civ.

21

P. 12(b)(6).

Leave to amend is not permitted as any attempt to amend would be futile given the applicable statutes of limitations. Amendment would also be futile because the claim is not legally cognizable based on the judicial record. Plaintiff's arrest was made pursuant to a bench warrant issued pursuant to a grand jury indictment based on a finding by the grand jury of probable cause. <u>Carrico v. City & Cnty. of S.F.</u>, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   **Plaintiff's Malicious Prosecution Claim Under Hawaii State Law Is Not Legally Cognizable Based On The Judicial Record**

**COUNT VI:**       **<u>Malicious Prosecution</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

### A.   Timeline Of Plaintiff's Prosecution In Hawaii State Court

On December 20, 2002, the grand jury returned an indictment and a bench warrant to arrest Plaintiff. (<u>State of Hawaii v. Roynes Dural</u>, Circuit Court Dkt. 1-PC-02-1-002791, Dkt. Entry 3).

On January 29, 2003, Plaintiff was arrested pursuant to the bench warrant. (<u>Id.</u> at Circuit Court Dkt. Entry 4).

On February 3, 2003, Plaintiff was arraigned and charged with one count of Sexual Assault in the First Degree and four counts of Sexual Assault in the Third Degree pursuant to Hawaii state law. (<u>Id.</u> at Circuit Court Dkt. Entry 112).

On July 29, 2003, the jury trial commenced.  (<u>Id.</u> at Circuit Court Dkt. Entry 121).

On August 4, 2003, the jury returned a verdict of guilty on all charges against Plaintiff Dural.  (<u>Id.</u> at Circuit Court Dkt. Entry 126).

On November 3, 2003, Plaintiff Dural was sentenced to 20 years imprisonment as to Count 1 for Sexual Assault in the First Degree and 5 years imprisonment as to Counts 2-5 for Sexual Assault in the Third Degree with all terms to be served concurrently.  (<u>Id.</u> at Circuit Court Dkt. Entry 71).

On December 4, 2003, Plaintiff filed a Notice of Appeal to the Hawaii Intermediate Court of Appeals.  (<u>Id.</u> at Circuit Court Dkt. Entry 75).

On June 29, 2005, the Intermediate Court of Appeals affirmed Plaintiff's convictions.  (<u>Id.</u> at Circuit Court Dkt. Entry 104).

On August 10, 2005, the Hawaii Supreme Court denied Plaintiff Dural's application for a writ of certiorari and issued Judgment on Appeal.  (<u>Id.</u> at Circuit Court Dkt. Entry 105).

On July 31, 2006, Plaintiff filed his First Rule 40 Petition, which was denied on September 15, 2008.  (<u>Dural v. State</u>, 2008 WL 4195893, *2, *6 (Haw. App. Sept. 15, 2008)).

According to the First Amended Complaint, in December 2011, Plaintiff was paroled and released from prison.  (First Amended Complaint at ¶ 100, ECF No. 37).

23

On April 5, 2013, following Plaintiff's release, the Hawaii Circuit Court denied Plaintiff's Second Rule 40 Petition.  (<u>State of Hawaii v. Roynes Dural</u>, Circuit Court Dkt. 1-PC-02-1-002791, Dkt. Entry 111).

On September 30, 2013, Plaintiff filed a Notice of Appeal with the Hawaii Intermediate Court of Appeals.  (<u>Dural v. State</u>, ICA Dkt. CAAP-13-0003694, Dkt. Entry 1).

On July 26, 2016, Plaintiff filed a Supplement to his Second Rule 40 Petition with the Hawaii Intermediate Court of Appeals. (<u>Id.</u> at ICA Dkt. Entry 146).

On February 27, 2018, the Hawaii Intermediate Court of Appeals issued its Memorandum Opinion, finding that a new trial was warranted.  (<u>Id.</u> at ICA Dkt. Entry 152).

On May 9, 2018, the Hawaii Intermediate Court of Appeals issued its Judgment on Appeal, vacating Plaintiff's convictions, and remanding proceedings to Circuit Court.  (<u>Id.</u> at ICA Dkt. Entry 172).

On October 28, 2019, on remand, trial was set for December 2, 2019.  (<u>State of Hawaii v. Roynes Dural</u>, Circuit Court Dkt. 1-PC-02-1-002791, Dkt. Entries 151, 166).

On November 15, 2019, the City and County of Honolulu Department of the Prosecuting Attorney filed a Motion to Continue Trial, which was denied.  (<u>Id.</u> Circuit Court Dkt. Entries 155, 158).

On November 27, 2019, the Prosecuting Attorney filed a
Motion for Nolle Prosequi Without Prejudice or Alternatively
Dismissal Without Prejudice.  (Id. at Circuit Court Dkt. Entry
167).

On December 3, 2019, the Circuit Court denied the Motion for
Nolle Prosequi Without Prejudice.  (Id. at Circuit Court Dkt.
Entry 175).  The Circuit Court dismissed the case against
Plaintiff Dural with prejudice.  (Id.)

**B.   Plaintiff's Malicious Prosecution Claim Is Not Legally
Cognizable Because There Is No Basis To Find The
Prosecution Was Initiated Without Probable Cause**

Plaintiff seeks to bring a state law claim against Defendant
City and County of Honolulu for malicious prosecution.

To state a claim for malicious prosecution pursuant to
Hawaii law, a plaintiff must allege sufficient facts to
demonstrate:

> (1)  the prior proceedings were initiated without probable
> cause,
>
> (2)  the prior proceedings were initiated with malice; and,
>
> (3)  the prior proceedings were terminated in plaintiff's
> favor.

Young v. Allstate Ins. Co., 198 P.3d 666, 680 (Haw. 2008).  The
tort of malicious prosecution is generally disfavored and its
requirements are "construed strictly against the party bringing
the action."  Id. at 682 (internal quotation marks omitted).

25

       **1.    Plaintiff's Malicious Prosecution Claim Fails Because The Prior Proceeding Was Initiated With Independent Probable Cause Found By The Grand Jury**

A grand jury determination of probable cause bars a malicious prosecution claim under Hawaii law.  <u>Reed</u>, 873 P.2d at 109 (citing <u>McCarthy</u>, 827 F.2d at 1317).

Here, there was a finding of probable cause by the grand jury, which returned an indictment and a bench warrant.  (<u>State of Hawaii v. Roynes Dural</u>, Circuit Court Dkt. 1-PC-02-1-002791, Dkt. Entry 3).

Defendant City and County of Honolulu cannot be liable for a state law claim of malicious prosecution because there was a finding of probable cause by the grand jury.  <u>Reed</u>, 873 P.2d at 109.  The allegations in the First Amended Complaint do not invalidate the indictment issued by the grand jury against Plaintiff.

Plaintiff also cannot bring a claim for maintaining a malicious prosecution because probable cause by the grand jury was never invalidated.  The case was remanded by the Hawaii Intermediate Court of Appeals for a new trial in May 2018.  The Hawaii Intermediate Court of Appeals did not find that probable cause was absent.  Rather, it ruled that a new trial was warranted.  Plaintiff cannot demonstrate that maintaining the charges on remand was unreasonable given the Hawaii Intermediate Court of Appeals' ruling.  <u>Arquette v. State</u>, 290 P.3d 493, 503-

26

04 (Haw. 2012).

> **2.   Plaintiff's Malicious Prosecution Claim Also Fails
> Because There Are No Allegations To Demonstrate
> That The Prior Proceeding Was Initiated With
> Malice**

The First Amended Complaint also fails to state a malicious prosecution claim against Defendant City and County of Honolulu because there are no allegations to support a finding of malicious intent.  Plaintiff has not even identified the prosecutor or prosecutors who presented evidence to the grand jury, who went to trial, or who maintained the case following remand.

There are conclusory allegations that the unidentified deputy prosecuting attorney failed to properly investigate the case.  Such allegations are insufficient to plausibly state a claim.  Plaintiff must demonstrate that the sexual assault charges brought against him were instituted by the prosecutors because of malice.  A plaintiff must show that the prosecutor initiated the prior proceeding with the intent, without justification or excuse, to misuse the criminal system as a means for causing harm.  Arquette, 290 P.3d at 507.

There is no basis for Plaintiff to bring a malicious prosecution case when there was an independent finding of probable cause by the grand jury and no plausible allegations that the proceedings were initiated with malice.  Andrews v.

Hawaii Cnty., Civ. No. 11-00512 JMS-BMK, 2013 WL 5276533, *9 (D. Haw. Sept. 18, 2013) (finding conclusory allegations that false testimony was given to the grand jury was insufficient to state a malicious prosecution claim and citing Hawaii v. Apao, 586 P.2d 250, 259 (Haw. 1978)); see Cabble v. City of N.Y., 2009 WL 890098, *5 (S.D. N.Y. Mar. 30, 2009) (explaining that perjury by civilian witnesses alone does not support a malicious prosecution claim).

### 3.  Plaintiff Has Not Demonstrated That The Prior Proceedings Were Terminated Based On His Innocence

An individual seeking to bring a malicious prosecution claim pursuant to Hawaii state law has been required to establish that the prior proceedings were terminated in such a manner as to indicate the plaintiff's innocence.  See Reed, 873 P.2d at 109; Penaflor v. Mossoman, 409 P.3d 762, 767 (Haw. App. 2017).

The requirement that a plaintiff establish a finding of innocence in order to bring a state law claim of malicious prosecution, however, has been called into question.  The United States Supreme Court recently ruled that a finding of innocence is not required to proceed on a federal law Section 1983 malicious prosecution claim.  See Thompson v. Clark, 142 S.Ct. 1332, 1341 (2022).

Here, this Court need not reach the question of whether a finding of innocence is required to bring a malicious prosecution

28

claim pursuant to Hawaii state law.  Plaintiff's claim is otherwise barred because the grand jury made a finding of probable cause and there is no basis to find that the proceedings were initiated or maintained by unidentified prosecutors based on malice.

If a finding of innocence is required pursuant to Hawaii law, Plaintiff's state law claim for malicious prosecution will fail on additional grounds because reluctance of a witness to testify does not demonstrate the innocence of a criminal defendant.  Miller v. Morris, 2018 WL 2085225, *6 (C.D. Cal. Feb. 27, 2018), report and recommendation adopted, 2018 WL 2085631 (C.D. Cal. May 3, 2018).  Dismissal based on nolle prosequi alone does not demonstrate a favorable termination in favor of Plaintiff's innocence.  See Kenley v. District of Columbia, 83 F.Supp.3d 20, 42 (D.D.C. 2015); Lauter v. Anoufrieva, 2011 WL 13175659, *4 (C.D. Cal. Nov. 28, 2011).

Plaintiff's Malicious Prosecution claim pursuant to Hawaii state law against the Defendant City and County of Honolulu is **DISMISSED WITH PREJUDICE.**

Leave to amend is not permitted as any attempt to amend would be futile given the objective lack of malicious intent and the grand jury determination of probable cause bars a malicious prosecution claim.  Carrico, 656 F.3d at 1008.

**V.** **There Is No Tort Claim Of Selective Prosecution Pursuant To Hawaii State Law**

    **COUNT VII:** **Selective Prosecution** **Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

Count VII in the First Amended Complaint is listed as a tort claim for "selective prosecution" pursuant to Hawaii state law.

The Court has been unable to find any Hawaii state case that has recognized a state tort cause of action for "selective prosecution." It appears, rather, that the Hawaii state courts have only recognized selective prosecution as a defense in criminal cases. See State v. Kailua Auto Wreckers, Inc., 615 P.2d 730, 734-35 (Haw. 1980).

There is no indication that a common law tort for selective prosecution exists pursuant to Hawaii state law.[6] This Court declines to find that such a private right of action exists that would allow Plaintiff to sue the City and County of Honolulu for damages under Hawaii state law. A defense in a criminal case is a separate legal construct than a tortious cause of action that

_____

[6] Plaintiff has separately alleged a federal law claim in Count III for "selective prosecution." Such a claim is actually a claim brought pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Wayte v. United States, 470 U.S. 598, 608 (1985). It requires a plaintiff to demonstrate that enforcement of the law had a discriminatory effect, that the officials were motivated by a discriminatory purpose, and that similarly situated individuals were not prosecuted. Rosenbaum v. City and Cnty. of San Francisco, 484 F.3d 1142, 1152-53 (9th Cir. 2007).

can be brought by an individual against the government entity.

Plaintiff's Selective Prosecution claim pursuant to Hawaii state law against Defendant City and County of Honolulu is **DISMISSED WITH PREJUDICE.**

Leave to amend is not permitted as any attempt to amend would be futile as no such private tortious cause of action is recognized pursuant to Hawaii state law.  <u>Carrico</u>, 656 F.3d at 1008.


**VI.**  **<u>Plaintiffs' Defamation And False Light Causes of Action Under Hawaii State Law Fail For Three Reasons</u>**

   **COUNT IX:**     **<u>Defamation</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

   **COUNT X:**      **<u>Defamation Per Se</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

   **COUNT XI:**     **<u>False Light/Invasion of Privacy</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

   **A.**  **<u>First</u>, Plaintiff's Defamation, Defamation Per Se, And False Light Claims Against Defendant City and County of Honolulu Are Dismissed For Failure To Comply With The Two-Year Notice Requirement Set Forth In Haw. Rev. Stat. § 46-72**

Defamation and false light claims are considered together for purposes of timeliness and statute of limitations.  <u>See</u> <u>Gilliam v. Elliott</u>, 511 P.3d 820, *3-*4 (Haw. App. June 17, 2022).  The tort of false light substantially overlaps with defamation, and where it is derivative and based on the same

statements as a defamation claim, both claims are subject to the same limitations period.  Id. (citing Nakamoto v. Kawauchi, 418 P.3d 600, 611 n.7 (Haw. 2018)).

Plaintiff's state law claims for defamation, defamation per se, and false light are time-barred because Plaintiff failed to provide timely notice to Defendant City and County of Honolulu pursuant to Haw. Rev. Stat. § 46-72.

As explained previously in this Order, Section 46-72 of the Hawaii Revised Statutes requires written notice to be provided to the City and County of Honolulu before an individual may recover damages for certain tort claims, such as here where Plaintiff claims he suffered harm in a public place of the County.  The written notice must be provided within two years after the injuries accrued.

Here, Plaintiff alleged that City and County of Honolulu employees made defamatory and false statements against him in the investigation and prosecution against him in Hawaii state courts in the City and County of Honolulu between 2003 and 2018. Plaintiff alleges defamatory statements were made against him during his trial and post-conviction proceedings until the convictions were overturned in May 2018.  There are no allegations of defamatory statements after May 2018 except the claim that unidentified prosecutors sought to bring charges on remand.  The prosecutors' maintenance of criminal charges on

remand pursuant to the Intermediate Court of Appeals' instructions are not defamatory and subject to litigation privilege.

Plaintiff did not provide the Defendant City and County of Honolulu with written notice of his claims as required by Section 46-72 until November 24, 2021. Plaintiff's Notice was filed more than 3 years after any allegedly defamatory statements were made. The untimely notice provided to Corporation Counsel on November 24, 2021 fails to comply with the two-year notice requirement set forth in Haw. Rev. Stat. § 46-72. Plaintiff's defamation, defamation per se, and false light claims are time-barred. Fatai, 2021 WL 1063790, at *17.

> **B.** **Second, Plaintiff's Defamation, Defamation Per Se, And False Light Claims Against Defendant City and County of Honolulu Are Also Dismissed For Failure To Comply With The Two-Year Statute Of Limitations Set Forth In Haw. Rev. Stat. § 657-4**

Plaintiff's failure to timely comply with the notice requirement set forth in Section 46-72 of the Hawaii Revised Statutes is dispositive of his Hawaii state law claims for defamation, defamation per se, and false light. Even if Plaintiff had timely complied with Haw. Rev. Stat. § 46-72's notice requirement, these claims fail on other grounds. Defamation, defamation per se, and false light are also barred for Plaintiff's failure to file his complaint within the two-year

statute of limitations set forth in Haw. Rev. Stat. § 657-4.
Gilliam, 511 P.3d at *4.

The Hawaii Supreme Court has held that a claim for
defamation accrues when the defamee discovers or reasonably
should have discovered the publication of the defamation.
Bauernfiend v. Aoao Kihei Beach Condominiums, 54 P.3d 452, 453
(2002) (quoting Hoke v. Paul, 653 P.2d 1155, 1159 (1982)).  The
tort of false light overlaps with defamation, and where the false
light claim is based on the same statements, it must be dismissed
if the defamation claim is dismissed.  Nakamoto, 418 P.3d at 611
n.7.

Just as with the Haw. Rev. Stat. § 46-72 limitations period,
Haw. Rev. Stat. § 657-4 bars Plaintiff's defamation, defamation
per se, and false light claims.  Plaintiff alleges defamatory
statements were made by City and County of Honolulu employees
during his prosecution and post-conviction proceedings until
Plaintiff's conviction was overturned in May 2018.  There are no
allegations that any defamatory statement was made by any City
and County of Honolulu employee after Plaintiff's conviction was
overturned by the Hawaii Intermediate Court of Appeals and
remanded to Hawaii Circuit Court in 2018.

Construing the facts in the light most favorable to
Plaintiff, Plaintiff would have actual or imputed knowledge of
the purported defamatory statement by the latest on May 9, 2018,

34

the date the Judgment on Appeal was issued by the Hawaii Intermediate Court of Appeals.

In addition to any statements made during the prosecution and post-conviction proceedings, any allegedly defamatory statement made by City and County of Honolulu employees prior to the initiation of criminal proceedings would be untimely and barred by the statute of limitations.  See Shibuya v. Cnty. of Kauai, 2023 WL 1265542, *7 (Haw. App. Jan. 31, 2023).

Plaintiff's defamation, defamation per se and false light claims pursuant to Haw. Rev. Stat. § 657-4 are time-barred.

C.    **Third**, **Litigation Privilege Bars Plaintiff's Defamation, Defamation Per Se, And False Light Claims Against Defendant City And County of Honolulu Employees**

In addition to Plaintiff's failure to comply with the notice requirement of Section 46-72 and the applicable two-year statute of limitations set forth in Haw. Rev. Stat. § 657-4, Plaintiff's First Amended Complaint fails to state a claim for defamation, defamation per se, and false light fail pursuant to Fed. R. Civ. P. 12(b)(6).

Pursuant to Hawaii law, there are four necessary elements to sustain a claim for defamation:

(1)  a false and defamatory statement concerning another;

(2)  an unprivileged publication to a third party;

(3)  fault amounting at least to negligence on the part of the publisher; and,

> (4)   either actionability of the statement irrespective of
>        special harm or the existence of special harm caused by
>        the publication.

Gold v. Harrison, 962 P.2d 353, 359 (Haw. 1998); see Wilson v.
Freitas, 214 P.3d 1110, 1120 (Haw. App. 2009) (setting forth the
elements of false light and explaining that a false light claim
based on allegedly defamatory statements fails if the defamation
claim fails).

Plaintiff has not plausibly stated a defamation, defamation
per se, or false light claim against Defendant City and County of
Honolulu related to the criminal proceedings in Hawaii state
court.  Hawaii courts have applied an absolute litigation
privilege in defamation actions for words and writing that are
material and pertinent to judicial proceedings.  Matsuura v. E.I.
du Pont de Nemours and Co., 73 P.3d 687, 692 (Haw. 2003).  The
privilege has long been recognized in Hawaii jurisprudence.  The
Supreme Court for the Territory of Hawaii ruled in 1917:

> As a general proposition of law we hold it to be well
> settled that attorneys, in the conduct of judicial
> proceedings, are privileged from prosecution for libel
> or slander in respect to words or writings, used in the
> course of such proceedings, reflecting injuriously upon
> others, when such words and writings are material and
> pertinent to the question involved.

Ferry v. Carlsmith, 23 Haw. 589, 591 (Haw. Terr. 1917).

Plaintiff's Defamation, Defamation Per Se, and False Light
causes of action pursuant to Hawaii state law against Defendant
City and County of Honolulu are **DISMISSED WITH PREJUDICE.**

36

Leave to amend is not permitted as any attempt to amend would be futile given the absolute immunity for statements made during criminal proceedings and the applicable statutes of limitations. <u>Carrico</u>, 656 F.3d at 1008.


**VII. <u>Negligence And Emotional Distress Claims</u>**

      **COUNT XII:**      **<u>Negligence</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

      **COUNT XIII:**     **<u>Gross Negligence</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

      **COUNT XIV:**     **<u>Intentional Infliction Of Emotional Distress</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**

      **COUNT XV:**      **<u>Negligent Infliction Of Emotional Distress</u> Against Defendant City and County of Honolulu Pursuant to Hawaii State Law**


Plaintiff's First Amended Complaint wholly fails to provide sufficient allegations to plausibly state a claim for negligence, gross negligence, intentional infliction of emotional distress, or negligent infliction of emotional distress against Defendant City and County of Honolulu.


    **A. The First Amended Complaint Does Not Plausibly Allege A Negligence Or Emotional Distress Claim**

        **1. Plaintiff Has Not Provided Sufficient Facts To Plausibly State A Negligence Cause Of Action**

Pursuant to Hawaii law, a plaintiff bringing a negligence claim must allege the following four elements:

(1)   a duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;

(2)   a failure on the actor's part to conform to the standard required;

(3)   a reasonable close casual connection between the conduct and the resulting injury; and,

(4)   actual loss or damage resulting to the interests of another.

Ono v. Applegate, 612 P.2d 533, 538-39 (Haw. 1980).

The First Amended Complaint merely makes conclusory allegations that "Defendants" are liable for negligence. Plaintiff's pleading fails to comply with the plausibility standard set forth in Iqbal and Twombly.  It is impossible to discern what actions Plaintiff believes constitute negligence.

In order to state a negligence claim against Defendant City and County of Honolulu, Plaintiff must specify the duty of care and describe the failure of an individual to conform to that duty.  Plaintiff must demonstrate how the Defendant City and County of Honolulu is liable for the failure to conform by that individual.  There also must be sufficient allegations to demonstrate how the failure caused Plaintiff harm.

Allegations in a complaint may not simply recite the elements of a cause of action, but the complaint must contain sufficient allegations of underlying facts to give fair notice to enable the opposing party to defend itself effectively.  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

38

**2.    Plaintiff Has Not Provided Sufficient Facts To Plausibly State An Emotional Distress Cause Of Action**

**a.    Intentional Infliction Of Emotional Distress**

The tort of intentional infliction of emotional distress requires a plaintiff to demonstrate that defendant committed an outrageous act, either intentionally or recklessly, that caused another to suffer extreme emotional distress.  <u>Young v. Allstate Ins. Co.</u>, 198 P.3d 666, 692 (Haw. 2008).

The standard for "outrageous" conduct is a very high one. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  <u>Ross v. Stouffer Hotel Co.</u>, 879 P.2d 1037, 1048 n.12 (Haw. 1994).

The First Amended Complaint does not contain sufficient facts to plausibly state an intentional infliction of emotional distress claim against Defendant City and County of Honolulu. Plaintiff does not specify what acts, by whom, on which date, were outrageous.

Plaintiff does not set forth a theory as to how the Defendant City and County of Honolulu may be liable for such acts.

**b.    Negligent Infliction Of Emotional Distress**

The elements for a negligent infliction of emotional distress claim require a plaintiff to demonstrate that the defendant engaged in negligent conduct causing the plaintiff to suffer serious emotional distress.  Caraang v. PNC Mortg., 795 F.Supp.2d 1098, 1122 (Haw. 2011).  Hawaii law requires that a negligent infliction of emotional distress claim be supported by a physical injury or mental illness.  Haw. Rev. Stat. § 663-8.9; U.S. E.E.O.C. v. NCL Am., 535 F.Supp.2d 1149, 1171 (D. Haw. 2008).

The First Amended Complaint does not provide sufficient allegations to state a negligent infliction of emotional distress claim.  Plaintiff's conclusory allegations that he suffered physical injury and mental illness are insufficient.  Plaintiff must allege the specific injuries or illnesses he suffered, when he suffered them, and how they were caused by the Defendant City and County of Honolulu's negligence.

The First Amended Complaint's allegations regarding the emotional distress causes of action are conclusory, lack specificity, and fail to comply with Federal Rule of Civil Procedure 8.  Moss v. U.S. Secret Serv., 572 F.3d 962, 968-69 (9th Cir. 2009); McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot

determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

###### B.   Alternative Grounds For Dismissal Of The Negligence And Emotional Distress Claims

####### 1.   The Two-Year Statute Of Limitations And Notice Provision Govern Plaintiff's Negligence And Emotional Distress Causes Of Action

Plaintiff's negligence causes of action against Defendant City and County of Honolulu are subject to the two-year statute of limitations period provided in Haw. Rev. Stat. § 657-7 and are also subject to the notice requirement set forth in Haw. Rev. Stat. § 46-72. Aana v. Pioneer Hi-Bred Int'l, Inc., 965 F.Supp.2d 1157, 1178-79 (D. Haw. 2013); Fatai, Civ. No. 19-00603 DKW-WRP, 2021 WL 1063790, at *17.

Pursuant to Hawaii law, such claims begin to accrue and the statute of limitations pursuant to Section 657-7 begins to run when the plaintiff knew or should have know of the defendant's negligence. Mansha Consulting LLC v. Alakai, 236 F.Supp.3d 1267, 1272-73 (D. Haw. 2017).

There are no wrongful acts described in the First Amended Complaint within two years of the filing of the original complaint in this case. It is unclear what acts he believes were negligent and when they occurred. Defendant must provide sufficient facts to demonstrate that any negligence claim is not time-barred in order to proceed with a negligence cause of action

against Defendant City and County of Honolulu.

Plaintiff's emotional distress causes of action are also subject to the two-year limitations period.  DeRosa v. Assoc. of Apartment Owners of the Golf Villas, 185 F.Supp.3d 1247, 1259-60 (D. Haw. 2016).  Plaintiff has failed to assert any acts within two years of filing the complaint in this case that would support his emotional distress claims.

### 2.   Respondeat Superior Liability As to Defendant City and County of Honolulu Has Not Been Established

In order to recover a tort claim against Defendant City and County of Honolulu pursuant to a respondeat superior theory, Plaintiff must establish: (1) a negligent act of the employee (breach of a duty that is the legal cause of injury) (2) that occurred within the employee's scope of employment.  Carroll, 2015 WL 1470732, at *11.

There are insufficient allegations to plausibly state a claim pursuant to respondeat superior as no individual employees, other than Sheryl Sunia, are identified in the First Amended Complaint.  The acts of Sheryl Sunia occurred in 2001, more than 22 years ago.  The allegations in the First Amended Complaint fail to provide a basis to find Defendant City and County liable for the acts of Ms. Sunia based on respondeat superior liability.

### 3.    Conditional Privilege Applies Unless Malice Is Established

Hawaii law provides that a nonjudicial government official has a qualified or conditional privilege with respect to tortious actions taken in the performance of a public duty.  Towse v. State of Hawaii, 647 P.2d 696, 702 (Haw. 1982).  Conditional privilege shields the government official from liability unless the plaintiff demonstrates by clear and convincing proof that the official was motivated by malice and not by an otherwise proper purpose.  Long v. Yomes, Civ. No. 11-00136 ACK-KSC, 2011 WL 4412847, *6 (D. Haw. Sept. 20, 2011).

Simply alleging the employee acted with malice, without more, is insufficient to state a claim.  See Taylor v. City and Cnty. of Honolulu, Civ. No. 22-00013 HG-KJM, 2022 WL 1674966, *2 (D. Haw. May 25, 2022); Silva v. City and Cnty. of Honolulu, 851 Fed. Appx. 697, 700 (9th Cir. 2021) (explaining that a plaintiff must plead facts sufficient to overcome the officers' state law qualified immunity defense).

Plaintiff's Negligence, Gross Negligence, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress causes of action pursuant to Hawaii state law against Defendant City and County of Honolulu are **DISMISSED WITH LEAVE TO AMEND**.

**CONCLUSION**

Defendant City and County of Honolulu's Motion to Dismiss First Amended Complaint (ECF No. 44) is **GRANTED, IN PART, AND DENIED, IN PART, WITH PARTIAL LEAVE TO AMEND.**

The following causes of action pursuant to Hawaii state law against Defendant City and County of Honolulu are **DISMISSED WITH PREJUDICE**:

COUNT V:         **False Arrest**

COUNT VI:        **Malicious Prosecution**

COUNT VII:       **Selective Prosecution**

COUNT VIII:      **Wrongful Imprisonment**

COUNT IX:        **Defamation**

COUNT X:         **Defamation Per Se**

COUNT XI:        **False Light/Invasion of Privacy**


Plaintiff is **GRANTED LEAVE TO AMEND** the following causes of action against The Defendant City And County Of Honolulu:

COUNT XII:       **Negligence**

COUNT XIII:      **Gross Negligence**

COUNT XIV:       **Intentional Infliction of Emotional Distress**

COUNT XV:        **Negligent Infliction of Emotional Distress**


**LEAVE TO AMEND**:

Plaintiff is given **LEAVE TO AMEND** and may file a Second Amended Complaint on or before Tuesday, March 14, 2023.  The Second Amended Complaint must conform to the rulings contained in this Order.  Plaintiff is cautioned that the Second Amended Complaint

must address the issues identified in the Order including the
statutes of limitations, a cognizable legal theory, and
conditional privilege.  Plaintiff must provide sufficient
allegations to plausibly state a claim.

Plaintiff may not allege any new causes of action in the Second
Amended Complaint.  Plaintiff may not add any additional
Defendants in the Second Amended Complaint.

Failure to file a Second Amended Complaint or to comply with the
rulings in this Order on or before Tuesday, March 14, 2023, will
result in automatic dismissal with prejudice of all of the counts
dismissed in this Order against Defendant City and County of
Honolulu.

IT IS SO ORDERED.

DATED: February 17, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Roynes J. Dural II v. City and County of Honolulu; Sheryl Sunia;
Vibiana Kealoha-Wong; Shyla Combis; Chad Kalawaia; Nathan
Slutter; Does 1-20, Civ. No. 21-00461 HG-WRP; **ORDER GRANTING, IN
PART, AND DENYING, IN PART, DEFENDANT CITY AND COUNTY OF
HONOLULU'S MOTION TO DISMISS (ECF No. 44) WITH PARTIAL LEAVE TO
AMEND**