IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYNES J. DURAL II,                    ) | Civ. No. 21-00461 HG-WRP |
|                                        ) | |
|              Plaintiff,                ) | |
|                                        ) | |
|          vs.                           ) | |
|                                        ) | |
| CITY AND COUNTY OF HONOLULU;           ) | |
| SHERYL SUNIA; MYRON H.                 ) | |
| TAKEMOTO; VIBIANA KEALOHA-WONG;        ) | |
| SHYLA COMBIS; CHAD KALAWAIA;           ) | |
| NATHAN SLUTTER; DOES 1-20,             ) | |
|                                        ) | |
|              Defendants.               ) | |
|                                        ) | |
|                                        ) | |
|  _____   ) | |

**ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO
DISMISS THE CLAIMS AGAINST IT IN THE SECOND AMENDED COMPLAINT
(ECF No. 57)**

On August 4, 2003, a jury found Plaintiff Roynes J. Dural II guilty of five separate Sexual Assault crimes in Hawaii State Court.  Plaintiff was sentenced to 20 years imprisonment. Plaintiff appealed the convictions to the Hawaii Intermediate Court of Appeals.

On June 29, 2005, the Hawaii Intermediate Court of Appeals affirmed Plaintiff's convictions.  Plaintiff subsequently sought review of his convictions by the Hawaii Supreme Court, which was denied on August 10, 2005.

On July 31, 2006, Plaintiff filed a motion for post-conviction relief pursuant to Hawaii Rules of Penal Procedure

1

Rule 40, which was denied.  Plaintiff appealed the denial of the Rule 40 Motion to the Hawaii Intermediate Court of Appeals, which affirmed the denial on November 20, 2008.  Plaintiff sought review of the denial to the Hawaii Supreme Court, which was denied.

On May 1, 2009, Plaintiff filed a Second Rule 40 Motion with the Hawaii Circuit Court.

In December 2011, while the Second Rule 40 Motion was pending, Plaintiff was paroled after serving eight years in prison.

On April 5, 2013, Plaintiff's Second Rule 40 Motion was denied by the Hawaii Circuit Court.  Plaintiff appealed the decision to the Hawaii Intermediate Court of Appeals.

On February 27, 2018, the Hawaii Intermediate Court of Appeals granted Plaintiff's Second Rule 40 Motion.  The Hawaii Intermediate Court of Appeals ruled that newly discovered evidence warranted a remand to the Hawaii State Circuit Court for a new trial to allow Plaintiff to present the evidence in his defense.

On November 27, 2019, on remand, the City and County of Honolulu filed a Motion to Nolle Prosequi Without Prejudice in Hawaii Circuit Court.  The prosecutors filed the Motion in order to provide the victim, Shyla Combis, with more time to decide whether she would be willing to testify against Plaintiff Dural

in a new trial.  The victim was now an adult and it had been more than fifteen years since the trial.  By 2019, Plaintiff Dural had been out of prison for eight years.

On January 3, 2020, the Hawaii Circuit Court denied the request and dismissed the criminal case against Plaintiff Dural with prejudice.

On November 24, 2021, Plaintiff Dural filed a Complaint in the United States District Court for the District of Hawaii. Plaintiff's lawsuit asserted that his 2003 prosecution was improper and claimed that underlying witnesses lied in order to convict him.

On June 3, 2022, Plaintiff filed a First Amended Complaint. The Defendant City and County of Honolulu filed a Motion to Dismiss all eleven claims against it.

On February 17, 2023, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND.  The Court dismissed with prejudice seven causes of action asserted against the Defendant City and County of Honolulu.  The Court granted Plaintiff leave to amend the negligence and emotional distress claims against the Defendant City and County of Honolulu.

On March 14, 2023, Plaintiff filed the Second Amended Complaint.  Plaintiff failed to cure the deficiencies in the

remaining causes of action against the Defendant City and County of Honolulu for which he was granted leave to amend.

On March 28, 2023, Defendant City and County of Honolulu filed a Motion to Dismiss the claims against it in the Second Amended Complaint.

Defendant City and County of Honolulu's Motion to Dismiss the claims against it in the Second Amended Complaint (ECF No. 57) is **GRANTED**.

## PROCEDURAL HISTORY

On November 24, 2021, Plaintiff Roynes J. Dural II filed his Complaint.  (ECF No. 1).

On June 3, 2022, Plaintiff filed his First Amended Complaint.  (ECF No. 37).

On June 16, 2022, Defendant City and County of Honolulu filed a Motion to Dismiss the First Amended Complaint.  (ECF No. 44).

On February 17, 2023, the Court issued an ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND.  (ECF No. 52).

On March 14, 2023, Plaintiff filed the SECOND AMENDED COMPLAINT.  (ECF No. 54).

On March 28, 2023, the Defendant City and County of Honolulu

filed its MOTION TO DISMISS SECOND AMENDED COMPLAINT.  (ECF No. 57).

On March 30, 2023, the Court issued a briefing schedule and elected to decide the Motion without a hearing pursuant to Local Rule 7.1(c).  (ECF No. 58).

On April 21, 2023, Plaintiff filed his Opposition.  (ECF No. 59).

On May 4, 2023, the Defendant City and County of Honolulu filed its Reply.  (ECF No. 60).

## BACKGROUND

**According to the Second Amended Complaint:**

**I.   Plaintiff Dural Was Convicted In Hawaii State Court On Multiple Counts Of Sexual Assault of a Minor**

Plaintiff Roynes J. Dural II filed this civil case seeking damages relating to the criminal prosecution against him in Hawaii state court.

On August 3, 2001, a criminal report was made against Plaintiff Dural to the Honolulu Police Department.

Defendants in this case, Vibiana Kealoha-Wong and her then-minor daughter, Shyla Combis, reported to Honolulu Police Department Detective Sheryl Sunia that Plaintiff Roynes J. Dural II had sexually assaulted the then-minor child, Shyla Combis. (Second Amended Complaint ("SAC") at ¶¶ 33, ECF No. 54).

Plaintiff Dural alleges that he did not sexually assault

Shyla Combis.  Plaintiff Dural claims that two other individuals sexually assaulted Shyla Combis, and asserts that they were Defendant herein Nathan Slutter (Defendant Kealoha-Wong's husband) and Defendant herein Chad Kalawaia.  (Id. at ¶¶ 19-20).

Plaintiff Dural claims that Defendant herein Detective Sunia negligently performed her duties as a police officer.  He also claims that Detective Sunia and unnamed and unidentified individuals from the Department of the Prosecuting Attorney knew or should have known that Defendants Slutter and Kalawaia assaulted Combis and that Dural did not.  (Id. ¶¶ 66-73).

On August 4, 2003, following a three-day trial, Plaintiff Dural was convicted of one count of Sexual Assault in the First Degree and four counts of Sexual Assault in the Third Degree pursuant to Hawaii State law.  (Id. at ¶¶ 62, 74).  Plaintiff was sentenced to 20 years imprisonment.

Plaintiff appealed the convictions to the Hawaii Intermediate Court of Appeals and the convictions were affirmed. (Id. at ¶ 92).

On July 21, 2006, Plaintiff filed a Motion for post-conviction relief pursuant to Hawaii Rules of Penal Procedure Rule 40, which was denied.  (Id. at ¶¶ 94-95).  Plaintiff appealed the denial of the Rule 40 Motion.  On November 20, 2008, the Hawaii Intermediate Court of Appeals affirmed the denial of the Rule 40 Motion.  (Id. at ¶ 96).  Plaintiff sought review of

the denial by the Hawaii Supreme Court, which was denied on January 27, 2009.  (Id. at ¶ 98).

On May 1, 2009, Plaintiff Dural filed a Second Rule 40 Motion with the Hawaii Circuit Court.  (Id. at ¶ 99).

In December 2011, while the Second Rule 40 Motion was pending, Plaintiff was paroled after serving eight years in prison.  (Id. ¶ 100).

On April 5, 2013, Plaintiff's Second Rule 40 Motion was denied by the Hawaii Circuit Court.  (Id. at ¶ 101).  Plaintiff appealed the denial to the Hawaii Intermediate Court of Appeals. (Id.)

## II.  Plaintiff's Convictions Were Overturned

On February 27, 2018, the Hawaii Intermediate Court of Appeals issued a memorandum opinion that vacated Plaintiff's convictions.[1]

On May 9, 2018, the Hawaii Intermediate Court of Appeals issued judgment on appeal and remanded the case to the Circuit Court of the First Circuit, State of Hawaii, for a new trial.

---

[1] In Dural v. State, 413 P.3d 405 (Haw. Ct. App. 2018), the opinion of the Hawaii Intermediate Court of Appeals ("ICA") was issued on February 27, 2018.  Judgment was entered by the Intermediate Court of Appeals and the case was remanded to the Circuit Court on May 9, 2018.  (ICA Judgment on Appeal in Dural v. State, CAAP-13-0003694, Dkt. Entry 172).  The Intermediate Court of Appeals's February 27, 2018 Order appears on the Hawaii Circuit Court Docket as Entry 133 on May 9, 2018.  (State of Hawaii v. Dural, 1-PC-02-1-002791, Dkt. Entry 133).

(<u>Id.</u> at ¶ 102).

According to the First Amended Complaint, the City and County of Honolulu continued to pursue charges against Plaintiff through 2018 and 2019. (First Amended Complaint ("FAC") at ¶ 169, ECF No. 37).

On remand before the Hawaii Circuit Court, on November 27, 2019, the City and County of Honolulu filed a "Motion to Nolle Prosequi Without Prejudice," seeking time to allow the victim, Defendant Combis, to decide if she would testify against Plaintiff at a new trial.  (SAC at ¶ 107, ECF No. 54).  The original trial took place more than fifteen years earlier. Plaintiff Dural at this point had already been released from prison more than eight years earlier.  (<u>Id.</u> at ¶ 100)

On or around January 3, 2020, the trial court denied the prosecution's Motion to Nolle Prosequi Without Prejudice.  The Hawaii trial court did not provide the prosecution with more time and dismissed the charges against Plaintiff Dural with prejudice. (<u>Id.</u> at ¶ 109).

On November 24, 2021, Plaintiff filed his Complaint in the United States District Court for the District of Hawaii.  (ECF No. 1).

## **STANDARD OF REVIEW**

The Court must dismiss a complaint as a matter of law

pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 663 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted).

**ANALYSIS**

**I.**   **Scope of the Order and Applicable Law**

    **A.**   **This Order Is Limited To Defendant City and County of Honolulu's Second Motion to Dismiss (ECF No. 57)**

As a preliminary matter, this Order is limited to the Motion to Dismiss the Second Amended Complaint filed by the Defendant City and County of Honolulu on March 14, 2023, as to the remaining three claims against it.  (ECF No. 54).

The Second Amended Complaint asserts 7 Counts total.  The claims are brought against several Individual Defendants (Sheryl Sunia, Vibiana Kealoha-Wong, Shyla Combis, Chad Kalawaia, and Nathan Slutter) as well as against the Defendant City and County of Honolulu.  (ECF No. 37).

**Counts I-IV** are brought against certain of the Individual Defendants, in their individual capacities only, pursuant to 42 U.S.C. § 1983.  These counts are not subject to the Motion before the Court.

**Count V for Negligence, Count VI for Intentional Infliction of Emotional Distress, and Count VIII[2] for Negligent Infliction of Emotional Distress** are brought against both the Defendant City and County of Honolulu and certain Individual Defendants pursuant

---

    [2] There is no Count VII in the Second Amended Complaint. The Second Amended Complaint identifies "Count VIII" as Negligent Infliction of Emotional Distress.

10

to Hawaii state law.

This Order only addresses the three Counts against the Defendant City and County of Honolulu.

The claims against the individually named Defendants Sheryl Sunia, Vibiana Kealoha-Wong, Shyla Combis, Chad Kalawaia, and Nathan Slutter are not subject to the City's Motion to Dismiss and are not addressed in this Order.

**B.    Applicable Law**

Plaintiffs' Second Amended Complaint invokes federal question jurisdiction against the Individual Defendants and supplemental jurisdiction against Defendant City and County of Honolulu.  (Second Amended Complaint ("SAC") at ¶ 2, ECF No. 54).

The Court applies Hawaii state substantive law to the supplemental state law claims against the Defendant City and County of Honolulu.  Mason and Dixon Intermodal, Inc. v. Lapmaster Intern. LLC, 632 F.3d 1056, 1060 (9th Cir. 2011).

Federal law governs the pleading standard, not Hawaii state law as argued by the Plaintiff.  The federal pleading standard set forth in Twombly and Iqbal applies in federal court.

The Court applies federal procedural law in evaluating the Defendant City and County's Motion to Dismiss the Second Amended Complaint.  Ye Jiang v. Zhong Fang, Civ. NO. 20-00100 JAO-KJM, 2020 WL 6889169, *3 (D. Haw. Nov. 23, 2020) (explaining that

11

federal procedural law applies in federal court when evaluating a motion to dismiss claims brought pursuant to state law).

## II.   The Claims Asserted Against The Defendant City And County Of Honolulu In The Second Amended Complaint

COUNT V:        **Negligence** Against Defendant City and County of Honolulu Pursuant to Hawaii State Law

COUNT VI:       **Intentional Infliction Of Emotional Distress** Against Defendant City and County of Honolulu Pursuant to Hawaii State Law

COUNT VIII:     **Negligent Infliction Of Emotional Distress** Against Defendant City and County of Honolulu Pursuant to Hawaii State Law

### A.   Plaintiff's Claims Against The Defendant City And County Of Honolulu Are Time-Barred

#### 1.   Plaintiff's Claims Against Defendant City and County of Honolulu Are Subject To The Notice Requirement Set Forth In Haw. Rev. Stat. § 46-72

Section 46-72 of the Hawaii Revised Statutes requires written notice to be provided to the City and County of Honolulu before an individual may recover damages for certain tort claims. The written notice must be provided within two years after the injuries accrued.

Hawaii Revised Statutes § 46-72 provides:

Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property

12

> injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

Plaintiff's three state law claims against the Defendant City and County of Honolulu are tort law claims that are subject to the two-year notice requirement set forth in Haw. Rev. Stat. § 46-72.  Fatai v. City and Cnty. of Honolulu, Civ. No. 19-00603 DKW-WRP, 2021 WL 1063790, at *17 (D. Haw. Mar. 18, 2021).

The notice requirement functions as a "statute of limitations" to limit the time for which a person or an estate may bring certain claims for injuries against a county in Hawaii. Silva v. City and County of Honolulu, 165 P.3d 247, 254 (Haw. 2007).  The purpose of the notice requirement is to timely inform municipal authorities of the details of a claim in order to aid an investigation and to guard the municipality against fraudulent and unfounded claims.  Oakley v. State, 505 P.2d 1182, 1185-86 (Haw. 1973).

The plain language of Section 46-72 requires that the notice be filed with the individual identified in the respective county's charter, or if none is specified, the chairperson of the

13

council or with the clerk of the county.[3]

Here, there are no allegations in the Second Amended Complaint that Plaintiff complied with the requirements of Section 46-72.

Count V for negligence, Count VI for intentional infliction of emotional distress, and Count VIII for negligent infliction of emotional distress are **DISMISSED** for failure to comply with the notice requirement set forth in Haw. Rev. Stat. § 46-72.

> ### 2. Plaintiff's Negligence And Emotional Distress Causes Of Action Are Subject To The Two-Year Statute Of Limitations Set Forth In Haw. Rev. Stat. § 657-7

Plaintiff's failure to timely comply with the notice requirement set forth in Section 46-72 of the Hawaii Revised Statutes is dispositive of his Hawaii state law negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress claims against the Defendant City and County of Honolulu.

Even if Plaintiff had timely complied with Haw. Rev. Stat. § 46-72, Plaintiff's state law claims against the Defendant City and County of Honolulu fail on other grounds.

Plaintiff's three tort causes of action against the

---

[3] Section 13-111 of the Revised Charter of the City and County of Honolulu requires notice to be filed with the Corporation Counsel. <u>See</u> <u>Silva</u>, 165 P.3d at 250.

Defendant City and County of Honolulu are subject to the two-year statute of limitations period provided in Haw. Rev. Stat. § 657-7.[4]  Aana v. Pioneer Hi-Bred Int'l, Inc., 965 F.Supp.2d 1157, 1178-79 (D. Haw. 2013).

Pursuant to the "discovery rule," a cause of action "accrues under section 657-7 and the statute of limitations commences, when a plaintiff has actual or imputed knowledge of: (1) his injury; (2) the defendant's negligence or breach of legal duty and (3) the causal connection between the two."  In re Hawaii Federal Asbestos Cases, 854 F.Supp. 702, 706 (D. Haw. 1994).

### a.   Plaintiff's Alleged Injuries Relating To His 2003 Prosecution Began To Accrue More Than Two-Years Before He Filed His Complaint

Plaintiff's Second Amended Complaint alleges that he was harmed because he was convicted by a jury on August 4, 2003, and was wrongfully imprisoned.  In December 2011, Plaintiff was paroled after serving eight years in prison.  (SAC at ¶ 100, ECF No. 54).

Plaintiff did not file his original complaint in this case until November 24, 2021, more than 18 years after he was convicted and nearly 10 years after he was released from custody.

---

[4] Haw. Rev. Stat. § 657-7 provides that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

In the Second Amended Complaint, Plaintiff asserts that Honolulu Police Detective Sheryl Sunia and unnamed prosecutors and investigators for the City and County of Honolulu between 2001 and 2003 should have known that Plaintiff did not commit sexual assault crimes against Defendant Combis.  Plaintiff alleges that but for their negligence between 2001 and 2003, he would not have been found guilty by the jury on August 4, 2003.

Defendant Detective Sheryl Sunia is the only named individual in the Second Amended Complaint who was alleged to have been employed by the Defendant City and County of Honolulu. Plaintiff claims that Detective Sherly Sunia was negligent in performing her duties as a police officer with the Honolulu Police Department.  All of the allegations regarding Sheryl Sunia occurred between 2001 and 2003.  There are no allegations of misconduct by Detective Sunia following the August 4, 2003 jury verdict.

Pursuant to Hawaii law, Plaintiff's claims began to accrue when the plaintiff knew or when he should have known of the defendant's negligence or act causing emotional distress.  Mansha Consulting LLC v. Alakai, 236 F.Supp.3d 1267, 1272-73 (D. Haw. 2017).

Plaintiff's claims against the Defendant City and County of Honolulu on account of acts performed by Detective Sunia began to accrue in August 2003, at the time of the last acts of Sunia.

16

<u>Faaita v. Liang</u>, 2009 WL 3124765, at *4 (D. Haw. Sept. 29, 2009) (explaining that negligence claims against Honolulu Police Officers began to accrue when the last acts of the officers occurred, not after the dismissal of the case).

> **b.    Plaintiff Had All Of The Necessary Facts To Support His Claims Against The Defendant City and County of Honolulu On February 27, 2018**

Plaintiff has not identified any other basis for his negligence or emotional distress claims based on specific acts of employees of the Defendant City and County of Honolulu.

Even if Plaintiff had identified specific actors, Plaintiff's negligence claims began to accrue, at the very latest, on February 27, 2018.  On February 27, 2018, the Hawaii Intermediate Court of Appeals issued a memorandum opinion that vacated Plaintiff's convictions and remanded the case for a new trial.  Plaintiff had all of the necessary facts to support his state law negligence and emotional distress claims relating to his 2003 prosecution at the time of the Hawaii Intermediate Court of Appeals' ruling on February 27, 2018.  At the time his convictions were vacated, Plaintiff knew the basis for such claims.  <u>Shook v. Cnty. of Hawaii Police Dep't.</u>, 2022 WL 3915566, at *3 (D. Haw. Aug. 31, 2022).

Plaintiff asserts in his Opposition that he learned additional facts following the remand all through 2019.

Plaintiff argues that the prosecution should not have sought to retry him following remand and seeks to toll the limitations period through the 2019 proceedings.  These allegations do not alter the statute of limitations or the discovery rule relating to the 2003 prosecution and acts by Detective Sunia.  Plaintiff had all of the necessary facts regarding the alleged improper prosecution in 2003 at the time of his convictions were vacated on February 27, 2018.  Hays v. City & Cnty. of Honolulu, 917 P.2d 718, 725 (Haw. 1996).  Plaintiff did not file his original Complaint in this case until November 24, 2021, more than two years after his claims began to accrue.

Plaintiff's Second Amended Complaint does not allege any wrongful acts following remand in 2018 or in 2019.  Plaintiff simply argues that they should not have continued to prosecute him.  Plaintiff makes conclusory allegations that the entire Department of the Prosecuting Attorney was negligent without identifying any specific individuals.

The February 27, 2018 decision by the Hawaii Intermediate Court of Appeals specifically directed that the case be remanded for a new trial.  There was no finding by the Hawaii Intermediate Court of Appeals of improper acts by any employee of the Defendant City and County of Honolulu.  Plaintiff's allegations that the Department of the Prosecuting Attorney, as a whole, was negligent in 2019 is insufficient to state a claim.

18

Plaintiff has not pointed to any actions by individuals employed by the Defendant City and County of Honolulu following the remand that would support a negligence or emotional distress cause of action.  Rather, Plaintiff's claims are based on acts that occurred between 2001 and his conviction on August 4, 2003, and continued through his release from imprisonment in December 2011.  Plaintiff's convictions were vacated on February 27, 2018. Plaintiff did not file a complaint within the two-year statute of limitations for a Hawaii state law tort claim and the claims are untimely.

The Court previously provided notice to Plaintiff in its February 17, 2023 Order as to the issues relating to the statute of limitations regarding Plaintiff's negligence and emotional distress state law tort claims against the Defendant City and County of Honolulu.  The Court provided Plaintiff with leave to amend to address the deficiencies relating to the statute of limitations.  Plaintiff has failed to cure the pleadings with respect to the statute of limitations.

The Court declines to give Plaintiff additional leave to amend.  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (explaining that a district court may dismiss a claim if the running of the statute of limitations is apparent on the face of the complaint); Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) (explaining leave to

amend is properly denied when previous amendment failed to cure the deficiencies identified by the court).

Count V for negligence, Count VI for intentional infliction of emotional distress, and Count VIII for negligent infliction of emotional distress are **DISMISSED** as untimely pursuant to the statute of limitations set forth in Haw. Rev. Stat. § 657-7.

### B.    The Second Amended Complaint Does Not Plausibly Allege A Hawaii State Law Tort Claim Against The Defendant City And County Of Honolulu

Even if Plaintiff had timely complied with Haw. Rev. Stat. § 46-72 and Haw. Rev. Stat. § 657-7, Plaintiff has failed to state a claim for negligence, intentional infliction of emotional distress or negligent infliction of emotional distress against the Defendant City and County of Honolulu.

### 1.    Plaintiff Has Not Provided Sufficient Facts To Plausibly State A Negligence Cause Of Action Against The Defendant City And County Of Honolulu

Pursuant to Hawaii law, a plaintiff bringing a negligence claim must allege the following four elements:

(1)  a duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;

(2)  a failure on the actor's part to conform to the standard required;

(3)  a reasonable close casual connection between the conduct and the resulting injury; and,

(4)   actual loss or damage resulting to the interests of
      another.

Ono v. Applegate, 612 P.2d 533, 538-39 (Haw. 1980).

The Second Amended Complaint merely makes conclusory
allegations that the Defendant City and County of Honolulu and
the entire Department of the Prosecuting Attorney are liable for
negligence.  Plaintiff's pleading fails to comply with the
plausibility standard set forth in Iqbal and Twombly.

In order to state a negligence claim against Defendant City
and County of Honolulu, Plaintiff must specify the specific actor
who had a duty of care and describe the failure of an individual
to conform to that duty.  In a footnote on page 38 of the Second
Amended Complaint, Plaintiff alleges that "Dwight Nadamoto was
the Acting Prosecutor for the City and County of Honolulu at the
time." (SAC at p. 38, n.1, ECF No. 54).  Plaintiff does not
allege a single fact about what Nadamoto did, knew, or directed.
He does not specify any actions or involvement by Nadamoto.

In order to state a claim, Plaintiff must plead sufficient
facts to establish a duty of care that was breached that caused
harm to Plaintiff by the individual for which the Defendant City
and County of Honolulu may be held liable.  Allegations in a
complaint may not simply recite the elements of a cause of
action, but the complaint must contain sufficient allegations of
underlying facts to give fair notice to enable the opposing party
to defend itself effectively.  Starr v. Baca, 652 F.3d 1202, 1216

(9th Cir. 2011).

Plaintiff's Opposition incorrectly argues that the pleading standard in Iqbal/Twombly does not apply.  Plaintiff has provided no legal authority for his position.

It is well-established that the federal pleading standard applies in federal court to state law causes of action.  See Taylor v. United States, 821 F.2d 1428, 1432 (9th Cir. 1987) (federal pleading rules apply to pendent state law claims).

The Court previously issued an Order on February 17, 2023 dismissing Plaintiff's negligence cause of action against the Defendant City and County of Honolulu with leave to amend.  The Court identified the numerous deficiencies in Plaintiff's pleading.  Rather than address the deficiencies, Plaintiff's Second Amended Complaint provides nearly identical conclusory allegations.  Plaintiff makes general allegations about actions by the Department of the Prosecuting Attorney without specifying any individuals, the acts of such individuals, or the duty of any specific person which they allegedly breached.

> **2.   Plaintiff Has Not Identified Any Individuals For Whom The Defendant City And County Of Honolulu May Be Liable For Negligence Pursuant To A Theory Of Respondeat Superior**

In order to state a tort claim against Defendant City and County of Honolulu pursuant to a respondeat superior theory, Plaintiff must allege sufficient facts to plausibly assert: (1) a

22

negligent act of the employee which breached a duty that is the legal cause of Plaintiff's injury (2) that occurred within the employee's scope of employment.  <u>Carroll v. Cnty. of Maui</u>, Civ. No. 13-00066 DWK-KSC, 2015 WL 1470732, at *11 (D. Haw. Mar. 31, 2015); <u>see</u> <u>Henderson v. Prof. Coatings Corp.</u>, 819 P.2d 84, 88 (Haw. 1991).

Plaintiff's Second Amended Complaint fails to state a negligence claim against the Defendant City and County of Honolulu based on a theory of respondeat superior.  No acts of any individual employees, other than Sheryl Sunia, are identified in the Second Amended Complaint.

As previously discussed the alleged acts of Defendant Sunia occurred in 2001, more than 22 years ago and are time-barred.  No other individual is named in the Second Amended Complaint that could provide a basis to find Defendant City and County liable for his or her acts based on respondeat superior liability.

Plaintiff's reliance on the Hawaii Rules of Professional Conduct is unpersuasive.  The Hawaii Supreme Court has explained that a violation of the Rules of Professional Responsibility does not alone give rise to any civil liability.  <u>In re Disciplinary Bd. of Hawaii Supreme Court</u>, 984 P.2d 688, 695 (Haw. 1999). Plaintiff must demonstrate how an individual employee breached a legal duty of care for which the Defendant City and County of Honolulu may be liable in order to state a claim.  <u>Hyun Ju Park</u>

23

v. City & Cnty. of Honolulu, 292 F.Supp.3d 1080, 1101-02 (D. Haw. 2018).  Plaintiff has failed to do so.

**Count V** for **Negligence** is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

> **3.    The Second Amended Complaint Does Not Plausibly Allege An Emotional Distress Claim Against The Defendant City And County Of Honolulu**
>
> **a.    Intentional Infliction Of Emotional Distress**

The tort of intentional infliction of emotional distress requires a plaintiff to demonstrate that defendant committed an outrageous act, either intentionally or recklessly, that caused another to suffer extreme emotional distress.  Young v. Allstate Ins. Co., 198 P.3d 666, 692 (Haw. 2008).

The standard for "outrageous" conduct is a very high one. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Ross v. Stouffer Hotel Co., 879 P.2d 1037, 1048 n.12 (Haw. 1994).

The Second Amended Complaint does not contain sufficient facts to plausibly state an intentional infliction of emotional distress claim against Defendant City and County of Honolulu. Plaintiff does not specify what specific acts, by whom, on which

24

date, were outrageous.

Plaintiff does not set forth a theory as to how the Defendant City and County of Honolulu may be liable for such acts.

### b.    Negligent Infliction Of Emotional Distress

The elements for a negligent infliction of emotional distress claim require a plaintiff to demonstrate that the defendant engaged in negligent conduct causing the plaintiff to suffer serious emotional distress.  Caraang v. PNC Mortg., 795 F.Supp.2d 1098, 1122 (Haw. 2011).  Hawaii law requires that a negligent infliction of emotional distress claim be supported by a physical injury or mental illness.  Haw. Rev. Stat. § 663-8.9; U.S. E.E.O.C. v. NCL Am., 535 F.Supp.2d 1149, 1171 (D. Haw. 2008).

The Second Amended Complaint does not provide sufficient allegations to state a negligent infliction of emotional distress claim.  Plaintiff's conclusory allegations that he suffered physical injury and mental illness are insufficient.  Plaintiff must allege the specific injuries or illnesses he suffered, when he suffered them, and how they were caused by an individual employee of the Defendant City and County of Honolulu's negligence.

The Second Amended Complaint's allegations regarding the

25

emotional distress causes of action are conclusory, lack specificity, and fail to comply with Federal Rule of Civil Procedure 8.  Moss v. U.S. Secret Serv., 572 F.3d 962, 968-69 (9th Cir. 2009); McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Plaintiff's failure to specify the individuals allegedly responsible for his emotional distress is fatal to his claims. The Court previously granted Plaintiff leave to amend these claims and notified him of the pleading deficiencies.  The Court explained that Plaintiff must demonstrate that the Defendant City and County of Honolulu is responsible for any alleged emotional distress.  Plaintiff has failed to do so.

**Count VI** for **Intentional Infliction of Emotional Distress** and **Count VIII** for **Negligent Infliction of Emotional Distress** are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

### C.   The Second Amended Complaint Does Not Plausibly Allege An Employee Of The Defendant City And County Of Honolulu Acted With Malice

As the Court explained in the February 17, 2023 Order, conditional privilege shields Defendant City and County of Honolulu government officials from liability unless the plaintiff

plausibly alleges that the official was motivated by malice and not by an otherwise proper purpose.  See Taylor v. City and Cnty. of Honolulu, Civ. No. 22-00013 HG-KJM, 2022 WL 1674966, at *2 (D. Haw. May 25, 2022).

Conclusory allegations that unnamed and unidentified employees of the Defendant City and County of Honolulu were motivated by malice are insufficient to state a claim.  Silva v. City and Cnty. of Honolulu, 851 Fed. Appx. 697, 700 (9th Cir. 2021) (explaining that a plaintiff must plead facts sufficient to overcome the officers' state law qualified immunity defense for a Hawaii state law tort claim).

Plaintiff has failed to identify any acts by specific employees of the Defendant City and County of Honolulu that plausibly demonstrate that the official acted with malice. Plaintiff's failure to overcome the conditional privilege standard is fatal to Plaintiff's state law tort claims against the Defendant City and County of Honolulu.  Krizek v. Queens Med. Ctr., Civ. NO. 18-00293 JMS-WRP, 2019 WL 6255469, at *6 (D. Haw. Nov. 22, 2019) (explaining that plaintiff has not alleged anything to corroborate purported malicious intent and simply claiming malice is a legal conclusion and does not demonstrate plausibility under Iqbal and Twombly).

## CONCLUSION

Defendant City and County of Honolulu's Motion to Dismiss the claims against it in the Second Amended Complaint (ECF No. 57) is **GRANTED.**

The following causes of action pursuant to Hawaii state law against Defendant City and County of Honolulu are **DISMISSED WITH PREJUDICE**:

    **COUNT V:**         **Negligence**

    **COUNT VI:**       **Intentional Infliction of Emotional Distress**

    **COUNT VIII:**    **Negligent Infliction of Emotional Distress**

There are no remaining causes of action against the Defendant City and County of Honolulu.


IT IS SO ORDERED.

DATED: June 22, 2023, Honolulu, Hawaii.


Helen Gillmor
United States District Judge


Roynes J. Dural II v. City and County of Honolulu; Sheryl Sunia; Vibiana Kealoha-Wong; Shyla Combis; Chad Kalawaia; Nathan Slutter; Does 1-20, Civ. No. 21-00461 HG-WRP; **ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS THE CLAIMS AGAINST IT IN THE SECOND AMENDED COMPLAINT (ECF No. 57)**