IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYNES J. DURAL II, | ) CIV. NO. 21-00461 HG-WRP |
| Plaintiff, | ) |
| vs. | ) |
| SHERYL SUNIA; VIBIANA KEALOHA-WONG; SHYLA COMBIS; CHAD KALAWAIA; NATHAN SLUTTER, | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF DISTRICT COURT JUDGE PURSUANT TO 28 U.S.C. § 455(a) AND (b)(1) (ECF No. 82)**

**I.   BACKGROUND/PROCEDURAL HISTORY**

On August 4, 2003, a Hawaii state court jury found Plaintiff Roynes J. Dural II guilty of five separate Sexual Assault crimes. Plaintiff was sentenced to 20 years imprisonment. Plaintiff appealed the convictions to the Hawaii Intermediate Court of Appeals.

On June 29, 2005, the Hawaii Intermediate Court of Appeals affirmed Plaintiff's convictions.

Plaintiff subsequently sought review of his convictions by the Hawaii Supreme Court, which was denied on August 10, 2005.

On July 31, 2006, Plaintiff filed a motion for post-conviction relief pursuant to Hawaii Rules of Penal Procedure Rule 40, which was denied. Plaintiff appealed the denial of the Rule 40 Motion to the Hawaii Intermediate Court of Appeals, which

1

affirmed the denial on November 20, 2008.  Plaintiff sought review of the denial to the Hawaii Supreme Court, which was denied.

On May 1, 2009, Plaintiff filed a Second Rule 40 Motion with the Hawaii Circuit Court.

In December 2011, while the Second Rule 40 Motion was pending, Plaintiff was paroled after serving eight years in prison.

On April 5, 2013, Plaintiff's Second Rule 40 Motion was denied by the Hawaii Circuit Court.  Plaintiff appealed the decision to the Hawaii Intermediate Court of Appeals.

On February 27, 2018, the Hawaii Intermediate Court of Appeals granted Plaintiff's Second Rule 40 Motion.  The Hawaii Intermediate Court of Appeals ruled that newly discovered evidence warranted a remand to the Hawaii State Circuit Court for a new trial to allow Plaintiff to present the evidence in his defense.

The matter was remanded for a new trial before the Hawaii Circuit Court.  The then-minor victim of the sexual assault crimes, Shyla Combis, was now an adult and it had been more than sixteen years since the trial.  By the time the case was remanded in 2019, Plaintiff Dural had been out of prison for eight years.

The prosecutors made numerous attempts to contact Ms. Combis following remand.  Ms. Combis refused to withdraw her allegations against Dural but she wanted more time to decide whether she

would be willing to testify at a new trial more than 16 years after the first trial.

On November 27, 2019, the prosecutors filed a Motion to Nolle Prosequi Without Prejudice, in order to provide Ms. Combis more time to decide whether she would be willing to testify against Plaintiff Dural in a new trial.

The Hawaii Circuit Court considered a number of factors in reviewing the prosecutors' request.  The state court found that given the age of the case and the limited resources of the court and the judicial system, additional time for prosecution was not possible.  The Hawaii state court denied the nolle prosequi motion and dismissed the criminal case against Plaintiff Dural with prejudice.

On November 24, 2021, Plaintiff Dural filed a Complaint in the United States District Court for the District of Hawaii, suing the City and County of Honolulu; the mother of the then-minor victim Vibiana Kealoha-Wong; the now-adult victim Shyla Combis; the husband of the mother Vibiana Kealoha-Wong, Nathan Slutter; Chad Kalawaia; Prosecutor Myron H. Takemoto; and Honolulu Police Department Detective Sheryl Sunia.  (ECF No. 1).

The Rule 16 Scheduling Conference was continued four times from November 2021 to April 2022.  (ECF Nos. 21, 23, 27, 30).

On February 15, 2022, the Parties stipulated to dismiss all of Plaintiff's claims against Prosecutor Takemoto.  (ECF No. 26). Prosecutor Takemoto was terminated from the case.

3

On April 11, 2022, the Magistrate Judge held a status conference and Plaintiff indicated he wanted to file a First Amended Complaint. (ECF No. 31). The Rule 16 Scheduling Conference was continued three more times to allow Plaintiff leave to provide a Stipulation to allow him to file the First Amended Complaint. (ECF Nos. 32, 33, and 34).

On June 3, 2022, Plaintiff filed the First Amended Complaint. (ECF No. 37).

On June 14, 2022, the Rule 16 Scheduling Order was issued. (ECF No. 42). Trial was set for October 17, 2023, and the dispositive motions deadline was set for May 22, 2023. (Id. at ¶¶ 1, 6).

On June 16, 2022, the Defendant City and County of Honolulu filed a Motion to Dismiss the First Amended Complaint. (ECF No. 44).

On February 17, 2023, the Court issued its Order Granting, in part, and Denying, in part, Defendant City and County of Honolulu's Motion to Dismiss with Partial Leave to Amend. (ECF No. 52).

On March 14, 2023, Plaintiff filed the Second Amended Complaint. (ECF No. 54).

On March 28, 2023, Defendant City and County of Honolulu filed a Motion to Dismiss the Second Amended Complaint. (ECF No. 57).

The dispositive motions deadline was May 22, 2023. Neither

4

Plaintiff nor Defendant Sheryl Sunia filed dispositive motions by May 22, 2023.

On June 22, 2023, the Court issued an Order Granting Defendant City and County of Honolulu's Motion to Dismiss All Claims Against It.  (ECF No. 63).

On September 5, 2023, the Final Pretrial Conference was scheduled to be held before the Magistrate Judge.  (ECF No. 70).  The Final Pretrial Conference was not held because the Parties informed the Magistrate Judge that they wished to continue trial.  (Id.)  The Parties were instructed that a request for a continuance must be sought before the District Court.

On September 6, 2023, Plaintiff filed a Motion to Continue Trial and Modify Scheduling Order.  (ECF No. 71).

On September 7, 2023, Defendant Sheryl Sunia filed a Joinder to Plaintiff's Motion to Continue Trial and Modify Scheduling Order.  (ECF No. 73).  Defendant Sunia requested seven days to file a Motion for Judgment on the Pleadings.  (Id. at pp. 2-3).  Defendant Sunia asserted there was good cause to grant her leave to file a dispositive motion based on hardship of her attorney.  (Declaration of David J. Minkin, attached to Joinder, ECF No. 73-1).

On September 13, 2023, the Court held a hearing on Plaintiff's Motion to Continue and Defendant Sunia's Joinder.  (ECF No. 76).

The Court granted the Motion to Continue.  The Court

continued the trial by three months from October 17, 2023 to January 4, 2024. The Court denied a further continuance given the age of the case, the multiple opportunities already given to Plaintiff to amend the pleadings, and the fact that the events of this case took place more than 20 years ago.

The Court found that Defendant Sunia established good cause to amend the scheduling order to allow her to file a Motion for Judgment on the Pleadings within seven days given the personal hardship to her attorney Mr. Minkin.

The Court granted Defendant Sunia her request for seven days to file a Motion for Judgment on the Pleadings and set the deadline for September 20, 2023.

The Court also granted Plaintiff seven days to respond to Defendant Sunia's Motion and set the deadline for him to file an Opposition by September 27, 2023.

On September 20, 2023, Defendant Sunia filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 78).

On September 27, 2023, Plaintiff filed a Memorandum in Opposition to Defendant Sunia's Motion for Judgment on the Pleadings. (ECF No. 79).

On October 3, 2023, the Court issued a Minute Order striking Plaintiff's attempt to file evidence and a supplemental memorandum in support of his opposition for failing to comply with the Federal Rules of Civil Procedure and the Local Rules for

the District of Hawaii.  (ECF No. 81).

On November 8, 2023, Plaintiff filed a Motion for Recusal Pursuant to 28 U.S.C. § 455(a) and (b)(1).  (ECF No. 82).

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Section 455(b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

A Section 455 recusal motion requires the District Court to conduct an objective inquiry: whether a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might reasonably be questioned.  United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012); Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005).

## III.  ANALYSIS

First, Plaintiff asserts that the Court has issued "biased" rulings against him.  Judicial rulings alone do not constitute a valid basis for a motion for recusal.  Liteky v. United States, 510 U.S. 540, 555 (1994).  An alleged bias must stem from an

7

extrajudicial source, that is, from sources other than the judicial proceedings at hand.  Clemens, 428 F.3d at 1178.  There is no argument that the Court's purported bias stems from an extrajudicial source.

Opinions formed by the judge on the basis of the facts introduced or events occurring in the course of the proceedings do not constitute a basis for a bias or partiality motion unless they display a "deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky, 510 U.S. at 555.  No such basis exists here.

Plaintiff's unhappiness with the Court's rulings cannot serve as a valid basis for recusal.  See Auld-Susott v. Galindo, Civ. No. 20-cv-00270 LEK-RT, 2023 WL 6392428, *2 (D. Haw. Oct. 2, 2023) (citing Liteky, 510 U.S. at 555).  A reasonable observer with knowledge of the unique facts and circumstances of the case would not perceive a significant risk that the Court will resolve this case on a basis other than the merits.  Clemens, 428 F.3d at 1178-79.  The fact the Court has ruled against Plaintiff, expressed an opinion about a matter of procedure or a point of law, or disagreed with Plaintiff's legal position is not a basis for recusal.  Liteky, 510 U.S. at 555.

Second, Defendant argues that the Court made comments to the pro se parties at the September 13, 2023 hearing that he perceived as biased in their favor.

The Ninth Circuit Court of Appeals has repeatedly advised

District Courts that pro se litigants must be treated with liberality. Chambers v. C. Herrera, 78 F.4th 1100, 1104 (9th Cir. 2023); Berndardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003). The District Court has a duty to ensure that pro se litigants understand their duties and obligations, including compliance with the rules of procedure that govern all litigants. See Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996). Plaintiff's speculation as to the Court's motivation in advising the pro se parties regarding the possible consequences to them in this case and their duties as litigants does not support recusal. Clemens, 428 F.3d at 1178 (explaining that rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters are not enough to merit recusal).

No reasonable person with knowledge of all the facts in this case would question the Court's impartiality. Liteky, 510 U.S. at 555.

//
//
//
//
//
//
//
//

**CONCLUSION**

Plaintiff's Motion for Recusal of District Court Judge (ECF No. 82) is **DENIED**.

IT IS SO ORDERED.

Dated: November 9, 2023, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Roynes J. Dural II v. Sheryl Sunia; Vibiana Kealoha-Wong; Shyla Combis; Chad Kalawaia; Nathan Slutter; Does 1-20, Civ. No. 21-00461 HG-WRP; **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF DISTRICT COURT JUDGE PURSUANT TO 28 U.S.C. § 455(a) AND (b)(1) (ECF No. 82)**

10