IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROYNES J. DURAL II, | ) Civ. No. 21-00461 HG-WRP |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| SHERYL SUNIA; VIBIANA KEALOHA- | ) |
| WONG; SHYLA COMBIS; CHAD | ) |
| KALAWAIA; NATHAN SLUTTER; DOES | ) |
| 1-20, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT SHERYL SUNIA'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 78)**

On August 4, 2003, a Hawaii state court jury found Plaintiff Roynes J. Dural II guilty of five separate Sexual Assault crimes. Plaintiff was sentenced to 20 years imprisonment.  Plaintiff appealed the convictions to the Hawaii Intermediate Court of Appeals.

On June 29, 2005, the Hawaii Intermediate Court of Appeals affirmed Plaintiff's convictions.

Plaintiff subsequently sought review of his convictions by the Hawaii Supreme Court, which was denied on August 10, 2005.

On July 31, 2006, Plaintiff filed a motion for post-conviction relief pursuant to Hawaii Rules of Penal Procedure Rule 40, which was denied.  Plaintiff appealed the denial of the

1

Rule 40 Motion to the Hawaii Intermediate Court of Appeals, which affirmed the denial on November 20, 2008.  Plaintiff sought review of the denial to the Hawaii Supreme Court, which was denied.

On May 1, 2009, Plaintiff filed a Second Rule 40 Motion with the Hawaii Circuit Court.

In December 2011, while the Second Rule 40 Motion was pending, Plaintiff was paroled after serving eight years in prison.

On April 5, 2013, Plaintiff's Second Rule 40 Motion was denied by the Hawaii Circuit Court.  Plaintiff appealed the decision to the Hawaii Intermediate Court of Appeals.

On February 27, 2018, the Hawaii Intermediate Court of Appeals granted Plaintiff's Second Rule 40 Motion.  The Hawaii Intermediate Court of Appeals ruled that newly discovered evidence warranted a remand to the Hawaii State Circuit Court for a new trial to allow Plaintiff to present the evidence in his defense.

The matter was remanded for a new trial before the Hawaii Circuit Court.  The then-minor victim of the sexual assault crimes, Shyla Combis, was now an adult and it had been more than sixteen years since the trial.  By the time the case was remanded in 2019, Plaintiff Dural had been out of prison for eight years.

The prosecutors made numerous attempts to contact Ms. Combis

following remand.  Ms. Combis refused to withdraw her allegations against Dural but she wanted more time to decide whether she would be willing to testify at a new trial more than 16 years after the first trial.

On November 27, 2019, the prosecutors filed a Motion to Nolle Prosequi Without Prejudice, in order to provide Ms. Combis more time to decide whether she would be willing to testify against Plaintiff Dural in a new trial.

The Hawaii Circuit Court considered a number of factors in reviewing the prosecutors' request.  The state court found that given the age of the case and the limited resources of the court and the judicial system, additional time for prosecution was not possible.  The Hawaii state court denied the nolle prosequi motion and dismissed the criminal case against Plaintiff Dural with prejudice.

On November 24, 2021, Plaintiff Dural filed a Complaint in the United States District Court for the District of Hawaii, suing the City and County of Honolulu; the mother of the then-minor victim Vibiana Kealoha-Wong; the now-adult victim Shyla Combis; the husband of mother Vibiana Kealoha-Wong, Nathan Slutter; Chad Kalawaia; Prosecutor Myron H. Takemoto; and Honolulu Police Department Detective Sheryl Sunia.  (ECF No.1).

The Parties stipulated to dismiss all of Plaintiff's claims against Prosecutor Takemoto.  Prosecutor Takemoto was terminated

from the case.  (ECF No. 26).

Plaintiff filed a First Amended Complaint against the remaining Defendants.  Defendant City and County of Honolulu moved to dismiss the claims against it.

The Court granted the Defendant City and County of Honolulu's Motion to Dismiss with partial leave to amend on February 17, 2023.

On March 14, 2023, Plaintiff filed the Second Amended Complaint.  (ECF No. 54).

Defendant City and County of Honolulu filed another motion to dismiss all claims against it.

On June 22, 2023, the Court issued its ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS THE CLAIMS AGAINST IT IN THE SECOND AMENDED COMPLAINT.  (ECF No. 63). Defendant City and County of Honolulu was terminated from the case.

On September 5, 2023, at the Final Pretrial Conference before the Magistrate Judge, the Parties informed the Magistrate Judge that they wished to continue trial.  (ECF No. 70).

On September 6, 2023, Plaintiff filed a Motion to Continue Trial and Modify Scheduling Order.  (ECF No. 71).

On September 7, 2023, Defendant Sheryl Sunia filed a Joinder to Plaintiff's Motion to Continue Trial and Modify Scheduling Order.  (ECF No. 73).  Defendant Sunia requested seven days to

file a Motion for Judgment on the Pleadings.  (Id. at pp. 2-3).
Defendant Sunia asserted there was good cause to grant her leave
to file a dispositive motion based on hardship of her attorney.
(Declaration of David J. Minkin, attached to Joinder, ECF No. 73-
1).

On September 13, 2023, the Court held a hearing on
Plaintiff's Motion to Continue and Defendant Sunia's request for
an opportunity to file a dispositive motion.  (ECF No. 76).

The Court granted the Motion to Continue.  The Court
continued the trial by three months from October 17, 2023 to
January 4, 2024.  The Court denied a further continuance given
the age of the case, the multiple opportunities already given to
Plaintiff to amend the pleadings, and the fact that the events of
this case took place more than 20 years ago.

The Court found that Defendant Sunia established good cause
to amend the scheduling order to allow her to file a Motion for
Judgment on the Pleadings given the personal hardship of her
attorney Mr. Minkin.

The Court granted Defendant Sunia her request for seven days
to file a Motion for Judgment on the Pleadings and set the
deadline for September 20, 2023.

The Court also granted Plaintiff seven days to respond to
Defendant Sunia's Motion and set the deadline for him to file an
Opposition by September 27, 2023.

On September 20, 2023, Defendant Sunia filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 78).

On September 27, 2023, Plaintiff filed a Memorandum in Opposition to Defendant Sunia's Motion for Judgment on the Pleadings.  (ECF No. 79).

On September 28, 2023, Plaintiff attempted to file a Supplement to his Opposition without leave of Court, and it was stricken for being untimely and for failing to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  (ECF Nos. 80, 81).

The Court elects to decide Defendant Sunia's Motion for Judgment on the Pleadings without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant Sheryl Sunia's Motion for Judgment on the Pleadings (ECF No. 78) is **GRANTED, IN PART, AND DENIED, IN PART.**

Counts I, III, IV, V, VI, and VIII against Defendant Sheryl Sunia are **DISMISSED WITH PREJUDICE** as untimely pursuant to the statute of limitations set forth in Haw. Rev. Stat. § 657-7.

Count II for Malicious Prosecution pursuant to 42 U.S.C. § 1983 is the only remaining count against Defendant Sunia, and it remains for trial.

6

**Allegations in the Second Amended Complaint:**

Plaintiff Roynes J. Dural II is seeking damages relating to the 2003 criminal prosecution against him in Hawaii state court.

The victim's mother Vibiana Kealoha-Wong and her then-minor daughter, Shyla Combis, two Defendants in this case, reported to Defendant Honolulu Police Department Detective Sheryl Sunia that Plaintiff Roynes J. Dural II had sexually assaulted the then-minor child, Shyla Combis.  (Second Amended Complaint ("SAC") at ¶¶ 33, ECF No. 54).

Plaintiff Dural was prosecuted and found guilty of the crimes by a Hawaii state court jury.

Plaintiff Dural alleges that he did not sexually assault Shyla Combis.

## <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.  For a Rule 12(c) motion, all material allegations contained in the nonmoving party's pleadings are accepted as true.  <u>Chavez v. United States</u>, 683 F.3d 1102, 1108 (9th Cir. 2012); <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989).  The Court's review is generally limited to the contents of the complaint with limited exceptions.

See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

When a Rule 12(c) motion raises the defense of failure to state a claim, the standard governing the motion is the same as that governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  Rule 12(b)(6) allows dismissal where a complaint fails to state a claim upon which relief can be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat such a motion.  Iqbal, 556 U.S. at 678-79.

## ANALYSIS

## I.   Scope of the Order and Applicable Law

This Order is limited to the Motion for Judgment on the Pleadings filed by Defendant Sheryl Sunia for the claims brought against her in the Second Amended Complaint.

### A.   Claims Against Defendant Sunia

The Second Amended Complaint asserts a total of 7 Counts. The claims are brought against several Individual Defendants (Sheryl Sunia, Vibiana Kealoha-Wong, Shyla Combis, Chad Kalawaia, and Nathan Slutter).  (ECF No. 54).  The claims against the City

and County of Honolulu have been dismissed with prejudice.  (ECF No. 63).

The claims against Defendant Sheryl Sunia are, as follows:

**FEDERAL LAW CAUSES OF ACTION:**

Count I:        **False Arrest pursuant to 42 U.S.C. § 1983**

Count II:       **Malicious Prosecution pursuant to 42 U.S.C. § 1983**

Count III:      **Selective Prosecution pursuant to 42 U.S.C. § 1983**

Count IV:       **Wrongful Conviction and Imprisonment pursuant to 42 U.S.C. § 1983**

**STATE LAW CAUSES OF ACTION:**

Count V:        **Negligence pursuant to Hawaii state law**

Count VI:       **Intentional Infliction of Emotional Distress pursuant to Hawaii state law**

Count VIII[1]:  **Negligent Infliction of Emotional Distress pursuant to Hawaii state law.**

This Order only addresses the claims as they relate to Defendant Sheryl Sunia.

The claims against the remaining individually named Defendants Vibiana Kealoha-Wong, Shyla Combis, Chad Kalawaia, and Nathan Slutter are not subject to Defendant Sunia's Motion for Judgment on the Pleadings and are not addressed in this Order.

_____

[1] There is no Count VII in the Second Amended Complaint. The Second Amended Complaint identifies "Count VIII" as Negligent Infliction of Emotional Distress.

**B.   Applicable Law**

Plaintiff's Second Amended Complaint invokes federal question jurisdiction against the Individual Defendants and supplemental jurisdiction for the state law claims.  (Second Amended Complaint ("SAC") at ¶ 2, ECF No. 54).

The Court applies Hawaii state substantive law to the supplemental state law claims.  Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011).

**C.   Notice Pleading Does Not Apply In Federal Court**

Federal law governs the pleading standard, not Hawaii state law.  The federal pleading standard set forth in Twombly and Iqbal applies in federal court.  Contrary to Plaintiff's position, notice pleading does not apply in federal court.

The Court applies federal procedural law in evaluating Defendant Sunia's Motion for Judgment on the Pleadings.  Ye Jiang v. Zhong Fang, Civ. NO. 20-00100 JAO-KJM, 2020 WL 6889169, *3 (D. Haw. Nov. 23, 2020).

**II.   The Hawaii State Law Claims Asserted Against Defendant Sheryl Sunia In The Second Amended Complaint**

    **COUNT V:**      **Negligence Pursuant to Hawaii State Law**

    **COUNT VI:**    **Intentional Infliction Of Emotional Distress Pursuant to Hawaii State Law**

**COUNT VIII:**     **Negligent Infliction Of Emotional Distress**
**Pursuant to Hawaii State Law**

**A.   Plaintiff's State Law Tort Claims Are Subject To The Two-Year Statute Of Limitations Set Forth In Haw. Rev. Stat. § 657-7**

Plaintiff's three tort causes of action against Defendant Sheryl Sunia are subject to the two-year statute of limitations period provided in Haw. Rev. Stat. § 657-7.[2]   Aana v. Pioneer Hi-Bred Int'l, Inc., 965 F.Supp.2d 1157, 1178-79 (D. Haw. 2013).

Pursuant to the "discovery rule," a cause of action "accrues under section 657-7 and the statute of limitations commences when a plaintiff has actual or imputed knowledge of: (1) his injury; (2) the defendant's negligence or breach of legal duty and (3) the causal connection between the two."   In re Hawaii Federal Asbestos Cases, 854 F.Supp. 702, 706 (D. Haw. 1994).

**B.   Plaintiff's Alleged Injuries Relating To His 2003 Prosecution Began To Accrue More Than Two-Years Before He Filed His Complaint**

Plaintiff's Second Amended Complaint alleges that he was harmed because he was convicted by a jury on August 4, 2003, and was wrongfully imprisoned.  In December 2011, Plaintiff was

---

[2] Haw. Rev. Stat. § 657-7 provides that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

11

paroled after serving eight years in prison.   (SAC at ¶ 100, ECF
No. 54).

Plaintiff did not file his original complaint in this case
until November 24, 2021, more than 18 years after he was
convicted and nearly 10 years after he was released from custody.

In the Second Amended Complaint, Plaintiff asserts that
Honolulu Police Detective Sheryl Sunia should have known that
Plaintiff did not commit sexual assault crimes against Defendant
Combis when investigating the case between 2001 and 2003.
Plaintiff alleges that but for Defendant Sunia's negligence
between 2001 and 2003, he would not have been found guilty by the
jury on August 4, 2003.

Plaintiff claims that Detective Sheryl Sunia was negligent
in performing her duties as a police officer with the Honolulu
Police Department.   The allegations regarding Sheryl Sunia are
alleged to have occurred between 2001 and 2003.

Pursuant to Hawaii law, Plaintiff's claims began to accrue
when the plaintiff knew or when he should have known of the
defendant's negligence or act causing emotional distress.   Mansha
Consulting LLC v. Alakai, 236 F.Supp.3d 1267, 1272-73 (D. Haw.
2017).

Plaintiff's claims against Detective Sunia began to accrue
in August 2003, at the time of the jury verdict and the last acts
of Defendant Sunia relating to Plaintiff's conviction.   Faaita v.

Liang, 2009 WL 3124765, at *4 (D. Haw. Sept. 29, 2009)
(explaining that negligence claims against Honolulu Police
Officers began to accrue when the last acts of the officers
occurred, not after the dismissal of the case).

>    **C.   Plaintiff Had All Of The Necessary Facts To Support His
>         State Law Claims Against Defendant Sunia By February
>         27, 2018**

Plaintiff's negligence claims began to accrue, at the very
latest, on February 27, 2018.

Plaintiff claims that he began to seek to overturn his
conviction in 2005.  (SAC at ¶ 93, ECF No. 54).  The Second
Amended Complaint contains almost no facts regarding Defendant
Sunia following Plaintiff's 2003 conviction.  Plaintiff claims
that while seeking post-conviction relief, sometime in May and
June of 2009, Defendant Sunia "coerced, harassed, intimidated and
threatened" co-Defendants Slutter and Kealoha-Wong "into
silence." (SAC at ¶ 103(n), ECF No. 54).

Plaintiff does not provide any facts as to any specific acts
by Defendant Sunia in 2009 or the purported manner in which
Defendant Sunia allegedly coerced, harassed, or threatened the
co-Defendants in 2009.

On February 27, 2018, the Hawaii Intermediate Court of
Appeals issued a memorandum opinion that vacated Plaintiff's
convictions and remanded the case for a new trial.  At the time

of the ICA's decision, Plaintiff had all of the necessary facts to support his state law negligence and emotional distress claims relating to Defendant Sunia.  At the time his convictions were vacated, Plaintiff knew the basis for such claims.  Shook v. Cnty. of Hawaii Police Dep't., 2022 WL 3915566, at *3 (D. Haw. Aug. 31, 2022); Hays v. City & Cnty. of Honolulu, 917 P.2d 718, 725 (Haw. 1996).

Plaintiff's claims against Defendant Sunia are based on acts that occurred between 2001 and his conviction on August 4, 2003, and vague, insufficient facts about alleged threats and intimidation in 2009.

Plaintiff was released from imprisonment in December 2011. Plaintiff's convictions were vacated on February 27, 2018.  The Second Amended Complaint does not contain any facts pertaining to Defendant Sunia following the February 27, 2018 decision by the Hawaii Intermediate Court of Appeals.  Plaintiff did not file his original Complaint in this case until November 24, 2021, more than two years after his claims began to accrue.  Plaintiff did not file a complaint within the two-year statute of limitations for a Hawaii state law tort claim.  The claims against Defendant Sunia are untimely.

Defendant Sheryl Sunia's Motion for Judgment on the Pleadings as to Plaintiff's state law claims in Counts V, VI, and VIII is **GRANTED.**

Count V for negligence, Count VI for intentional infliction of emotional distress, and Count VIII for negligent infliction of emotional distress against Defendant Sheryl Sunia are **DISMISSED WITH PREJUDICE** as untimely pursuant to the statute of limitations set forth in Haw. Rev. Stat. § 657-7.

**III.** **The Federal Law Section 1983 Claims Asserted Against Defendant Sheryl Sunia In The Second Amended Complaint**

Count I:       **False Arrest** pursuant to 42 U.S.C. § 1983

Count II:      **Malicious Prosecution** pursuant to 42 U.S.C. § 1983

Count III:     **Selective Prosecution** pursuant to 42 U.S.C. § 1983

Count IV:      **Wrongful Conviction and Imprisonment** pursuant to 42 U.S.C. § 1983

Defendant Sunia argues in her Motion for Judgment on the Pleadings that Plaintiff's federal law causes of action brought pursuant to Section 1983 should be dismissed on the same basis as the state law causes of action.  Specifically, Defendant Sunia argues that Plaintiff's claims accrued more than two years prior to the statute of limitations set forth in Haw. Rev. Stat. § 657-7 for tort claims.  Defendant Sunia seeks to apply state law regarding accrual and requests dismissal of Plaintiff's federal law causes of action relating to the alleged false arrest, malicious and selective prosecution, and wrongful conviction and imprisonment of Plaintiff pursuant to 42 U.S.C. § 1983.

15

Defendant Sunia is correct that courts look to the state law for the length of the limitations period.  Wallace v. Kato, 549 U.S. 384, 388 (2007).  Defendant Sunia, however, is incorrect in looking to Hawaii state law to determine accrual for Plaintiff's federal law causes of action.  The United States Supreme Court has explained that the time at which a Section 1983 claim accrues is a question of federal law.  Id.

A.  **Count I for False Arrest and Count IV for Wrongful Imprisonment Claims Pursuant to Section 1983 Are Untimely**

1.  **Count I for False Arrest and Count IV for Wrongful Imprisonment Pursuant to Section 1983 Are Duplicative**

As the Court explained in its February 17, 2023 Order on Defendant City and County of Honolulu's Motion to Dismiss, false arrest and wrongful imprisonment claims are duplicative and not separate causes of action.  (Order at pp. 9-10, ECF No. 52).  A person who is falsely arrested is at the same time falsely imprisoned.  False arrest and wrongful imprisonment claims are distinguishable in terminology only.  See Wallace, 549 U.S. at 388.

To the extent Plaintiff seeks to bring a "wrongful conviction" claim in Count IV and cites to Heck v. Humphrey, 512 U.S. 477, 484-85 (1994), such a claim is a properly construed as a malicious prosecution claim as stated in Count II.  Under

16

either theory, Count IV is dismissed as duplicative.  <u>See</u>
<u>Thompson v. Clark</u>, 596 U.S. 36, 39 (2022).

> **2.   Count I for False Arrest and Count IV for Wrongful Imprisonment Are Barred By The Statute Of Limitations**

Here, Plaintiff's false arrest and wrongful imprisonment
claims are subject to a two-year statute of limitations.  <u>Allen</u>
<u>v. Iranon</u>, 99 F.Supp.2d 1216, 1238 (D. Haw. 1999) (explaining
that the statute of limitations applicable to Section 1983 claims
in Hawaii is Haw. Rev. Stat. § 657-7, the two-year personal
injury statute of limitations).

In <u>Wallace v. Kato</u>, 549 U.S. 384, 389-90 (2007), the United
States Supreme Court explained that the statute of limitations
period begins to run on a false arrest or wrongful imprisonment
claim when the alleged false imprisonment ends.  A false
imprisonment ends once the detained person becomes held pursuant
to due process.  <u>Id.</u>  Once the claimant is held over by a
magistrate judge or arraigned on charges, the claimant is no
longer being held without process and therefore his false arrest
claim begins to run.  <u>Id.</u>

The United States Supreme Court specifically rejected the
claimant's argument in <u>Wallace</u> that the false arrest or wrongful
imprisonment claim ended upon his release from custody or after
the State dropped the charges against him.  <u>Id.</u> at 390.  The

17

United States Supreme Court stated that any further detention of the plaintiff would form part of a malicious prosecution claim, not a false arrest or wrongful imprisonment claim, because the legal theory challenging the continued detention is not based upon the absence of legal process, but it is based upon the allegedly wrongful institution of the criminal charges.  Id. at 389-90.

Here, Plaintiff Dural's arraignment for the criminal charges by the Hawaii state court occurred on February 3, 2003.  (State of Hawaii v. Roynes Dural, 1-PC-02-1-002791, Dkt. Entry 112). Pursuant to the United States Supreme Court's holding in Wallace, Plaintiff's false arrest and wrongful imprisonment claims began to accrue on February 3, 2003.

Plaintiff did not file his complaint until more than 18 years later on November 24, 2021.  Plaintiff's false arrest and wrongful imprisonment claims are untimely.

Defendant Sheryl Sunia's Motion for Judgment on the Pleadings as to Plaintiff's federal law claims in Counts I and IV are **GRANTED.**

Count I for False Arrest and Count IV for Wrongful Imprisonment pursuant to Section 1983 against Defendant Sunia are **DISMISSED WITH PREJUDICE** as untimely.

**B.    Count III For Selective Prosecution Pursuant to Section 1983 Is Untimely**

Plaintiff's selective prosecution claim is subject to a two-year statute of limitations. <u>Allen</u>, 99 F.Supp.2d at 1238.

A selective prosecution claim pursuant to Section 1983 begins to accrue as soon as the prosecution is initiated. <u>Poe v. City of Rolling Hills Estates</u>, 59 F.3d 175, *2 (9th Cir. 1995) (citing <u>Wilson v. Giesen</u>, 956 F.2d 738 (7th Cir. 1992)).

Here, the Hawaii state court grand jury returned the indictment against Plaintiff Dural on December 20, 2002.  (SAC at ¶ 62, ECF No. 54).

Plaintiff did not file his complaint in this Court until 19 years later on November 24, 2021.

Plaintiff Dural's selective prosecution claim against Defendant Sunia is untimely.

Defendant Sheryl Sunia's Motion for Judgment on the Pleadings as to Plaintiff's federal law selective prosecution claim in Count III is **GRANTED.**

Count III for Selective Prosecution pursuant to Section 1983 against Defendant Sunia is **DISMISSED WITH PREJUDICE** as untimely.

**C.    Count II For Malicious Prosecution Remains For Trial**

Plaintiff's malicious prosecution claim against Defendant Sunia is subject to a two-year statute of limitations. <u>Allen</u>, 99

19

F.Supp.2d at 1238.

> **1.    The United States Supreme Court's Decision In**
> **<u>McDonough v. Smith</u>, 139 S.Ct. 2149, 2156 (2019)**
> **Governs The Statute Of Limitations For Count II**
> **For Malicious Prosecution**

In 2019, the United States Supreme Court in <u>McDonough v. Smith</u>, 139 S.Ct. 2149, 2156 (2019) addressed the accrual of Section 1983 malicious prosecution claims based on alleged use of false or fabricated evidence.

The claimant, McDonough, was a commissioner of a county board of elections in New York.  <u>Id.</u> at 2154.  McDonough was prosecuted for crimes relating to alleged forged absentee ballots in an election.  <u>Id.</u>  McDonough claimed that the prosecutor maliciously targeted him for prosecution.  <u>Id.</u>  The first criminal trial against McDonough ended in a mistrial and the second criminal trial against McDonough ended in an acquittal. <u>Id.</u>

Following acquittal in the second trial, McDonough sued the prosecutor, asserting a federal law Section 1983 claim based on malicious prosecution.  McDonough alleged the prosecutor coached witnesses to lie and presented false evidence against him.  <u>Id.</u> The district court dismissed his Section 1983 claim as untimely. <u>Id.</u>

On appeal, the United States Court of Appeals for the Second Circuit agreed that McDonough's Section 1983 claim was untimely.

20

Id.  The appeals court ruled that the statute of limitations on a Section 1983 claim based on malicious prosecution using fabricated evidence began to run when the plaintiff learned that the evidence was false and when he suffered loss of liberty as a result of the false evidence.  Id.  The appellate court found that McDonough's Section 1983 claim accrued at the time the false evidence was presented during the first trial.  Id.

The United States Supreme Court overturned the decision of the Second Circuit.  Id. at 2158.  The United States Supreme Court ruled that in a case where a plaintiff alleges a Section 1983 malicious prosecution claim based on false or fabricated evidence, the statute of limitations does not begin to run until the criminal proceedings have ended in the criminal defendant's favor or a conviction has been invalidated as set forth in Heck v. Humphrey, 512 U.S. 477, 484-85 (1994).

The United States Supreme Court explained that McDonough's claims were timely because there was not a complete and present cause of action to bring his Section 1983 malicious prosecution claim based on allegedly false or fabricated evidence while the criminal proceedings were ongoing.  McDonough, 139 S.Ct. at 2158.

Here, Plaintiff alleges in the Second Amended Complaint that his 2003 convictions were based on false and fabricated evidence. (SAC at ¶¶ 91, 133, 137, ECF No. 54).  The holding in McDonough provides the basis to determine the accrual date of Plaintiff's

malicious prosecution cause of action in this case.

### 2.    Pursuant To <u>McDonough</u>, Count II For Malicious Prosecution Is Timely

On February 27, 2018, the Hawaii Intermediate Court of Appeals issued a memorandum opinion that vacated Plaintiff's convictions.

On November 27, 2019, on remand to the Hawaii State Circuit Court, the City and County of Honolulu filed a Motion to Nolle Prosequi Without Prejudice.  The prosecutors filed the Motion in order to provide the victim, Shyla Combia, time to decide whether she would testify at a new trial, more than 16 years after the 2003 jury trial.  The victim was a minor at the time of the alleged sexual assault but was now an adult.

On January 3, 2020, the Hawaii Circuit Court denied the request from the prosecution to allow additional time and dismissed the criminal case against Plaintiff Dural with prejudice.

Plaintiff's Section 1983 claim against Defendant Sunia as alleged in Count II for malicious prosecution did not begin to accrue until the criminal proceedings against Dural were terminated on January 3, 2020.  <u>McDonough</u>, 139 S.Ct. at 2158.

Plaintiff's federal law Section 1983 malicious prosecution claim against Defendant Sunia is timely as he filed his Complaint in the United States District Court for the District of Hawaii on

22

November 24, 2021, within two years of the January 3, 2020
accrual date.

Defendant Sheryl Sunia's Motion for Judgment on the
Pleadings as to Plaintiff's federal law Section 1983 malicious
prosecution claim is **DENIED**.

Count II for Malicious Prosecution pursuant to Section 1983
against Defendant Sunia remains for trial.

### 3.   Plaintiff's Burden Of Proof For Trial On Count II For Malicious Prosecution

In order for Plaintiff Dural to prevail on his malicious
prosecution claim against Defendant Sunia, he must demonstrate
that Defendant Sunia wrongfully caused the criminal charges to be
filed in Hawaii state court in 2002, that she acted with malice
and without probable cause, and that she did so for the purpose
of denying Plaintiff Dural equal protection or another specific
constitutional right.  Awabdy v. City of Adelanto, 368 F.3d 1062,
1066 (9th Cir. 2004); see Thompson, 596 U.S. at 49.

In order for Plaintiff Dural to prevail against Defendant
Sunia, he must demonstrate that the Hawaii state court erred in
finding probable cause to bring the indictment by showing that
the criminal prosecution was induced by fraud, corruption,
perjury, fabricated evidence, or other wrongful conduct
undertaken by Defendant Sunia in bad faith.  Awabdy, 368 F.3d at
1067.

In order to prevail at trial against Defendant Sunia,
Plaintiff Dural must provide evidence that Defendant Sunia
improperly exerted pressure on the prosecutor, knowingly provided
misinformation to the prosecutor, concealed exculpatory evidence
from the prosecutor, or otherwise engaged in wrongful conduct or
bad faith that was "actively instrumental in causing the
initiation of legal proceedings" against Plaintiff Dural.  Id.
(citing Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1126-27
(9th Cir. 2002)).

## CONCLUSION

Defendant City and County of Honolulu's Motion to Dismiss
the claims against it in the Second Amended Complaint (ECF No.
57) is **GRANTED, IN PART, AND DENIED, IN PART.**

The following causes of action against Defendant Sheryl Sunia are
**DISMISSED WITH PREJUDICE:**

|  |  |
|---|---|
| **COUNT I:** | **False Arrest pursuant to 42 U.S.C. § 1983** |
| **COUNT III:** | **Selective Prosecution pursuant to 42 U.S.C. § 1983** |
| **COUNT IV:** | **Wrongful Conviction and Imprisonment pursuant to 42 U.S.C. § 1983** |
| **COUNT V:** | **Negligence** |
| **COUNT VI:** | **Intentional Infliction of Emotional Distress** |
| **COUNT VIII:** | **Negligent Infliction of Emotional Distress** |

<u>The following cause of action against Defendant Sheryl Sunia remains for trial:</u>

      **Count II:**      **Malicious Prosecution pursuant to 42 U.S.C. § 1983**

IT IS SO ORDERED.

DATED: November 9, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>Roynes J. Dural II v. Sheryl Sunia; Vibiana Kealoha-Wong; Shyla Combis; Chad Kalawaia; Nathan Slutter; Does 1-20</u>, Civ. No. 21-00461 HG-WRP; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT SHERYL SUNIA'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 78)**