```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

ROYNES J. DURAL II,            )   CIV. NO. 21-00461 HG-WRP
                               )
            Plaintiff,         )
                               )
      vs.                      )
                               )
SHERYL SUNIA; VIBIANA KEALOHA- )
WONG; SHYLA COMBIS; CHAD       )
KALAWAIA; NATHAN SLUTTER,      )
                               )
            Defendants.        )
_____)
```

**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE FOR ADDITIONAL TIME TO SERVE THE SECOND AMENDED COMPLAINT ON DEFENDANTS SHYLA COMBIS AND NATHAN SLUTTER PURSUANT TO FED. R. CIV. P 4(m) (ECF No. 91)**

**and**

**DISMISSING THE CASE AGAINST DEFENDANTS SHYLA COMBIS AND NATHAN SLUTTER WITHOUT PREJUDICE**

**I.   BACKGROUND**

   **A.   Plaintiff Was Convicted In State Court In 2003 And His Convictions Were Overturned In 2018**

On August 4, 2003, a Hawaii state court jury found Plaintiff Roynes J. Dural II guilty of five separate Sexual Assault crimes. Plaintiff was sentenced to 20 years imprisonment.

On February 27, 2018, the Hawaii Intermediate Court of Appeals granted Plaintiff's motion seeking post-conviction relief. The Hawaii Intermediate Court of Appeals ruled that newly discovered evidence warranted a remand to the Hawaii State Circuit Court for a new trial to allow Plaintiff to present the

1

evidence in his defense.

On November 27, 2019, the prosecutors filed a Motion to Nolle Prosequi Without Prejudice, which was denied and the criminal case against Plaintiff Dural was dismissed with prejudice.

### B. Plaintiff Filed A Complaint In This Court

On November 24, 2021, Plaintiff Dural filed a Complaint in the United States District Court for the District of Hawaii. The Complaint was filed by Attorney Myles Breiner. (ECF Dkt. Entry 1, filing attorney "Breiner, Myles").

The Complaint asserted 14 Counts. In the Complaint, Plaintiff sued: (1) the City and County of Honolulu; (2) Vibiana Kealoha-Wong, the mother of the then-minor victim ; (3) Shyla Combis, the now-adult victim; (4) Nathan Slutter, the former husband of mother Vibiana Kealoha-Wong; (5) Chad Kalawaia; (6) Prosecutor Myron H. Takemoto; and (7) Honolulu Police Department Detective Sheryl Sunia. (ECF No. 1).

On December 16, 2021, Plaintiff served the Complaint on both Shyla Combis and Nathan Slutter, but neither party appeared in this case. (ECF Nos. 7 and 8).

### C. Plaintiff Filed A First Amended Complaint And Never Served It On Defendants Shyla Combis Or Nathan Slutter

On May 27, 2022, the Parties who had appeared in the case stipulated to allow Plaintiff to file a First Amended Complaint.

2

(ECF No. 35).

On June 3, 2022, Plaintiff filed a First Amended Complaint. (ECF No. 37).  Plaintiff asserted new facts, new theories, and new claims against the following Defendants:

(1) the City and County of Honolulu;

(2) Vibiana Kealoha-Wong;

(3) Shyla Combis;

(4) Nathan Slutter;

(5) Chad Kalawaia; and,

(6) Honolulu Police Department Detective Sheryl Sunia.

Plaintiff never served the First Amended Complaint on either Defendant Shyla Combis or Defendant Nathan Slutter.

On June 16, 2022, Defendant City and County of Honolulu filed a Motion to Dismiss.  (ECF No. 44).

On February 17, 2023, the Court granted the Defendant City and County of Honolulu's Motion to Dismiss with partial leave to amend.  (ECF No. 52).

### D. Plaintiff Filed A Second Amended Complaint And Never Served It On Defendants Shyla Combis Or Nathan Slutter

On March 14, 2023, Plaintiff filed the Second Amended Complaint.  (ECF No. 54).  The Second Amended Complaint contained new facts and asserted seven counts against the same Defendants. (Id.)

Plaintiff never served the Second Amended Complaint on either Defendant Shyla Combis or Defendant Nathan Slutter.

On March 28, 2023, Defendant City and County of Honolulu filed a Motion to Dismiss all claims against it in the Second Amended Complaint.  (ECF No. 57).

On June 22, 2023, the Court granted the Defendant City and County of Honolulu's Motion (ECF No. 63) and it was terminated from the case.

### E. The Court Found Plaintiff Failed To Establish Diligence To Establish Good Cause To Reopen Discovery

On September 6, 2023, Plaintiff filed a Motion to Continue Trial and Modify Scheduling Order.  (ECF No. 71).

On September 7, 2023, Defendant Sheryl Sunia filed a Joinder seeking leave to file a dispositive motion.  (ECF No. 73).

On September 13, 2023, the Court held a hearing on Plaintiff's Motion to Continue and Defendant Sunia's request for an opportunity to file a dispositive motion.  (ECF No. 76).  The Court continued the trial by three months from October 17, 2023 to January 4, 2024.

The Court found Plaintiff failed to establish good cause to reopen discovery or to grant a further continuance given the age of the case, the multiple opportunities already given to Plaintiff to amend the pleadings, and the fact that the events of this case took place more than 20 years ago.

The Court found that Defendant Sunia established good cause to allow her to file a Motion for Judgment on the Pleadings given the personal hardship of her attorney Mr. Minkin.

On September 20, 2023, Defendant Sunia filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 78).

On November 9, 2023, the Court issued an Order Granting, in part, and Denying, in Part, Defendant Sheryl Sunia's Motion For Judgment on the Pleadings. (ECF No. 86).

### F. The Court Issued An Order To Show Cause As To Why The Case Should Not Be Dismissed As To Pro Se Defendants Shyla Combis And Nathan Slutter

On November 8, 2023, Plaintiff filed an Ex Parte Motion for Entry of Default Judgment Against Defendants Shyla Combis and Nathan Slutter. (ECF No. 83).

On November 13 and 14, 2023, the Parties filed their Pretrial Conference Statements. (ECF Nos. 87 and 88).

On November 15, 2023, the Court issued an Order Denying Plaintiff's Ex Parte Motion for Entry of Default Judgment. (ECF No. 90). The Court issued an ORDER TO SHOW CAUSE and ordered Plaintiff to show cause why the case against Defendants Shyla Combis and Nathan Slutter should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). (Id.)

On November 17, 2023, Plaintiff filed a Response to the Court's Order to Show Cause. (ECF No. 91).

5

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

The Court has discretion pursuant to Fed. R. Civ. P. 4(m) to dismiss claims against a defendant without prejudice where a plaintiff does not show good cause for failing to timely serve a defendant. In re Sheehan, 253 F.3d 507, 512-13 (9th Cir. 2001).

## III. ANALYSIS

The case was originally filed two years ago on November 24, 2021.  Plaintiff's attorney Myles Breiner filed the original Complaint in this Court concerning events than began nearly 20 years ago.  (ECF No. 1).

Now, two years after filing the original Complaint and six weeks before trial is set to begin, Plaintiff seeks leave to serve the operative complaint, the Second Amended Complaint, on pro se Defendants Shyla Combis and Nathan Slutter.  (ECF No. 91).

Plaintiff concedes that neither the First Amended Complaint nor the Second Amended Complaint were ever served on either Defendant Shyla Combis or Nathan Slutter.  (Response at ¶¶ 1, 6, ECF No. 91).

6

Both the First Amended Complaint and the Second Amended Complaint contain new facts, theories, and causes of action that are different from the original Complaint that was filed on November 24, 2021.

To determine whether to dismiss a case for failing to serve a defendant pursuant to Fed. R. Civ. P. 4(m), the Court must weigh the following five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the Court's need to manage its docket;

(3) the risk of prejudice to the defendant;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring the disposition of cases on their merits.

Miller v. Kaneshiro, Civ. No. 23-00129 LEK-WRP, 2023 WL 6219438, *2 (D. Haw. Sept. 1, 2023 (citing Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)).

The public's interest in expeditious resolution of litigation and the Court's need to manage its docket strongly favor dismissal of the claims against Defendants Shyla Combis and Nathan Slutter without prejudice.

Allowing Plaintiff to serve Defendants Shyla Combis and Nathan Slutter at this point in the litigation would severely prejudice Defendants Combis and Slutter as well as the remaining Defendants who have appeared and are preparing for trial.

This case was filed two years ago on November 24, 2021.

Trial in this matter is set to begin in six weeks on January 4, 2024.

The Final Pretrial Conference before Magistrate Judge Porter is set for hearing in less than a week, on Monday, November 27, 2023.  Motions in Limine are also due on Monday, November 27, 2023.  It would not be possible for Defendants Combis and Slutter to be prepared for the Final Pretrial Conference and to file Motions in Limine as they have never been served with the operative complaint.

In addition, Defendants Combis and Slutter would be prejudiced if served at this late stage in the proceedings because the discovery deadline, the expert witness disclosures deadlines, and the dispositive motions deadlines have long since closed.

Less drastic alternatives are not available without causing further substantial delays in this case.

More than 90 days have passed since the Second Amended Complaint was filed on March 14, 2023.  (ECF No. 54).  Plaintiff has not established diligence or provided a reason why he failed to serve either the First Amended Complaint or the Second Amended Complaint on Defendants Combis and Slutter.

Although Plaintiff may suffer prejudice if Defendants Combis and Slutter are dismissed, Plaintiff has not established excusable neglect in failing to serve them with the operative

8

complaint.  The prejudice to all Defendants, the length of delay and its impact on the proceedings, and Plaintiff's failure to act in good faith or provide a reasonable basis for failing to serve the operative complaint weigh heavily in favor of dismissal.  See Lemoge v. United States, 587 F.3d 1188, 1195-96, 1198 (9th Cir. 2009) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd, 507 U.S 380, 395 (1993)).

    Plaintiff has not established good cause or excusable neglect that would support granting leave to serve the Second Amended Complaint on Defendants Shyla Combis and Nathan Slutter at this late stage of the proceedings.  See Flores v. Cnty. of Yavapai, 2023 WL 345926, *2-*3 (D. Ariz. Jan. 20, 2023).

//
//
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

Plaintiff's request for leave for additional time to serve the Second Amended Complaint on Defendants Shyla Combis and Nathan Slutter pursuant to Fed. R. Civ. P. 4(m) (ECF No. 91) is **DENIED**.

The case against Defendants Shyla Combis and Nathan Slutter is **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court is **ORDERED** to **TERMINATE** Defendant Shyla Combis and Defendant Nathan Slutter on the Docket.

IT IS SO ORDERED.

Dated: November 22, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Roynes J. Dural II v. Sheryl Sunia; Vibiana Kealoha-Wong; Shyla Combis; Chad Kalawaia; Nathan Slutter; Does 1-20, Civ. No. 21-00461 HG-WRP; **ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE FOR ADDITIONAL TIME TO SERVE THE SECOND AMENDED COMPLAINT ON DEFENDANTS SHYLA COMBIS AND NATHAN SLUTTER PURSUANT TO FED. R. CIV. P 4(m) (ECF No. 91) and DISMISSING THE CASE AGAINST DEFENDANTS SHYLA COMBIS AND NATHAN SLUTTER WITHOUT PREJUDICE**